# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ATTACK THE SOUND LLC, an Illinois limited liability company, DAVID WOULARD, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KUNLUN TECH CO., LTD., SKYWORK AI PTE. LTD., and UNKNOWN DEFENDANTS,<br><br>Defendants. | Civil Action No. 1:25-cv-15354<br><br><br>**DEFENDANT SKYWORK AI PTE. LTD.'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT**<br><br><br>Judge: Hon. Joan B. Gottschall<br>Magistrate Judge: Hon. Keri L. Holleb Hotaling |

Defendant Skywork AI Pte. Ltd. ("Skywork") respectfully moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). In the alternative, Skywork moves for a more definite statement under Rule 12(e). In support, Skywork submits the accompanying memorandum of law and states as follows:

1. Plaintiffs fail to plead personal jurisdiction over Skywork. Skywork is a Singapore company, and the Complaint does not plead claim-related Illinois contacts by Skywork sufficient to support specific jurisdiction.

2. Plaintiffs fail to plead copyright claims on many asserted works because Exhibit A identifies numerous works as registration-pending or not yet registered. Those claims cannot proceed under 17 U.S.C. § 411(a).

3. Plaintiffs do not plead domestic copyright or DMCA violations by Skywork because

they fail to plead that Skywork committed the relevant statutory acts in the United States.

4. Plaintiffs do not plead contributory or vicarious copyright infringement because the Complaint does not identify any direct act of infringement by a third party or facts showing Skywork-specific inducement, control, or direct financial benefit from infringement.

5. Plaintiffs do not plead the elements required for their Illinois Biometric Information Privacy Act claim, Illinois Right of Publicity Act claim, Illinois Uniform Deceptive Trade Practices Act claim, or unjust-enrichment claim. They also fail to plead Article III standing for the Section 15(a) and Section 15(c) BIPA theories and the prospective injury required for UDTPA injunctive relief. The IRPA, UDTPA, and unjust-enrichment claims also fail to the extent they repackage copyright-equivalent allegations.

6. The Complaint also relies on undifferentiated allegations against "Defendants," even though it involves Skywork, Kunlun Tech Co., Ltd., Unknown Defendants, users, service providers, data sources, and other third parties. That pleading does not give Skywork fair notice of the Skywork-specific conduct alleged to support each claim.

Skywork therefore respectfully requests dismissal of all claims against it. To the extent any claim is not dismissed, Skywork requests the Court to require Plaintiffs to provide a more definite statement under Rule 12(e), identifying for each remaining asserted claim the work or right at issue, whether the work has been registered or its registration application has been refused, the statutory act alleged, and the Skywork-specific conduct alleged to support the claim.

DATED: July 13, 2026

Respectfully submitted,

**KING & WOOD LLP**

By:    */s/*  J. Benjamin Bai
      J. Benjamin Bai
      Texas Bar No. 24001675
      benjamin.bai@cn.kingandwood.com
      600 5th Ave, 27th Floor
      New York, NY 10020
      Tel.: (212) 319-4755
      Fax: (917) 591-8167

**KING & WOOD**
      Haolu Feng
      D.C. Bar No. 90001026
      harry.feng@cn.kingandwood.com
      17th Floor, One ICC, Shanghai ICC
      999 Middle Huai Hai Road, Xuhui District
      Shanghai 200031, China
      Tel.: +86 21 2352 6585
      Fax: +86 21 2412 6150

      *Attorneys for Defendant*
      *SKYWORK AI PTE. LTD.*

3