**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ATTACK THE SOUND LLC, an Illinois limited liability company, DAVID WOULARD, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated,<br><br>                         Plaintiffs,<br><br>        v.<br><br>KUNLUN TECH CO., LTD., SKYWORK AI PTE. LTD., and UNKNOWN DEFENDANTS,<br><br>                       Defendants. | Civil Action No. 1:25-cv-15354<br><br>**<u>MEMORANDUM OF LAW SUPPORTING DEFENDANT SKYWORK AI PTE. LTD.'S MOTION TO DISMISS THE COMPLAINT OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT</u>**<br><br><br>Judge: Hon. Joan B. Gottschall<br>Magistrate Judge: Hon. Keri L. Holleb Hotaling |

i

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................. 1

BACKGROUND ............................................................................................................... 2

ARGUMENT .................................................................................................................... 4

I.     PLAINTIFFS FAIL TO STATE COPYRIGHT CLAIMS (COUNTS I-X) UNDER FED. R. CIV. P. 12(B)(6). .................................................................................................... 4

     A.     All Copyright Claims Predicated on Unregistered or Registration-Pending Works Should Be Dismissed Without Prejudice Because 17 U.S.C. § 411(a) Bars Institution of Suit Until the Copyright Office Grants or Refuses Registration. ..... 4

     B.     Counts IV (Lyric Infringement) and V (Composition Infringement) Should Be Independently Dismissed in Part Because Plaintiffs Cannot Use Sound-Recording-Only Registrations to Plead Lyric or Composition Claims. ................................... 7

     C.     All Copyright and DMCA Claims Should Be Dismissed Because the Complaint Pleads No Domestic Statutory Violation by Skywork. ........................................... 8

     D.     The DMCA Counts (Counts VI–VIII) Independently Fail Because Plaintiffs Do Not Plead the Elements Required. ....................................................................... 12

     E.     Secondary Liability Counts (Counts IX–X) Should Be Dismissed Because Plaintiffs Do Not Plead Facts Supporting the Required Elements of Contributory or Vicarious Infringement. ................................................................................... 14

II.     PLAINTIFFS FAIL TO STATE THEIR STATE-LAW CLAIMS (COUNTS XI–XIV) UNDER FED. R. CIV. P. 12(B)(6) AND THE COURT LACKS SUBJECT MATTER JURISDICTION UNDER FED. R. CIV. P. 12(B)(1). ................................................................................................. 17

A. Count XI (BIPA) Should Be Dismissed Because Plaintiffs Do Not Plausibly Plead a BIPA Claim Against Skywork and Lack Article III Standing. ........................... 17

B. Count XII (IRPA) Should Be Dismissed Because Plaintiffs Do Not Plead Plaintiff-Specific Identity Use or a Public Commercial Purpose by Skywork. .................. 20

C. Count XIII Should Be Dismissed Because Plaintiffs Plead Platform Marketing, Not a Skywork-Specific Deceptive Trade Practice Supporting Injunctive Relief. ....... 21

D. Count XIV Should Be Dismissed Because Unjust Enrichment Is Derivative and the Complaint Pleads No Skywork-Specific Retained Benefit. ............................... 22

III. THE COPYRIGHT ACT PREEMPTS STATE-LAW CLAIMS THAT MERELY REPACKAGE COPYRIGHT ALLEGATIONS. ................................................................................ 22

A. Section 301 Bars State-Law Rights Equivalent to the Copyright Act's Exclusive Rights. ................................................................................................................ 22

B. The IRPA, UDTPA, and Unjust-Enrichment Claims Are Preempted to the Extent They Target Copying, Ingestion, Training, Output Substitution, Licensing or Displacement, or Reverse Passing Off. ............................................................... 23

IV. PLAINTIFFS' UNDIFFERENTIATED "DEFENDANTS" ALLEGATIONS DO NOT GIVE SKYWORK FAIR NOTICE UNDER RULE 8. .......................................................................... 24

V. THE COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(2) BECAUSE PLAINTIFFS DO NOT PLEAD CLAIM-RELATED ILLINOIS CONTACTS BY SKYWORK. ............... 25

VI. ALTERNATIVELY, PLAINTIFFS MUST PROVIDE A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(E). ........................................................................................................ 28

CONCLUSION ........................................................................................................... 28

iii

**TABLE OF AUTHORITIES**

**CASE**

*Abelesz v. OTP Bank*, 692 F.3d 638, 660 (7th Cir. 2012)...............................................................27

*Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S. 412, 418 (2023)....................................12

*Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014)............................................7

*Agfa Monotype Corp. v. Adobe Sys., Inc.*, 404 F. Supp. 2d 1030, 1036, 1040 (N.D. Ill. 2005)....14

*Andersen v. Stability AI Ltd.*, 700 F. Supp. 3d 853, 872 (N.D. Cal. 2023) ..................................13

*Art of Design, Inc. v. Pontoon Boat, LLC*, No. 3:16-CV-595, 2017 WL 3608219, at *4 (N.D. Ind. Aug. 22, 2017) ............................................................................................................................15

*Balt. Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 674 (7th Cir. 1986). 23

*Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013)....................................................24

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)...................................................................24

*Blue Book Servs., Inc. v. Farm Journal, Inc.*, 435 F. Supp. 3d 912, 918 (N.D. Ill. 2020) ..............5

*Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009).........................................................................11

*Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 564 F.3d 804, 806 (7th Cir. 2009)........................5, 6

*Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020) ........................................18

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-73 (1985)..............................................25, 26

*BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) .....................................................6

*Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014) ...............................21

*Carter v. Pallante*, 256 F. Supp. 3d 791, 803–805 (N.D. Ill. 2017)..............................................23

*Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017) ..............................................28

*Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014) ............. 6, 8

*Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) ..................................................... 22

*CouponCabin LLC v. Savings.com, Inc.*, No. 2:14-CV-39-TLS, 2016 WL 3181826, at *6 (N.D. Ind. June 8, 2016) ................................................................................................................................. 14

*Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959, 964 (2026) ........................................... 16

*Crowley v. Jones*, 608 F. Supp. 3d 78, 90 (S.D.N.Y. 2022) ........................................................... 13

*CustomGuide v. CareerBuilder, LLC*, 813 F. Supp. 2d 990, 998, 1003 (N.D. Ill. 2011) ............. 24

*D'Ambrosio v. Meta Platforms, Inc.*, No. 25-2231, 2026 WL 1361951, at *4 (7th Cir. May 15, 2026) ............................................................................................................................................ 20

*Dancel v. Groupon, Inc.*, 949 F.3d 999, 1002 (7th Cir. 2019) ...................................................... 20

*Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003) ............................... 22

*Davis v. e.l.f. Cosmetics, Inc.*, No. 22 C 5069, 2024 WL 2722663, at *8 n.4 (N.D. Ill. May 28, 2024) ............................................................................................................................................ 19

*DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 622 (7th Cir. 2013) ........................ 5

*Design Basics, LLC v. WK Olson Architects, Inc.*, No. 17 C 7432, 2019 WL 527535, at *5 (N.D. Ill. Feb. 11, 2019) ........................................................................................................................ 13

*Doe 1 v. GitHub, Inc.*, No. 22-CV-06823, 2024 WL 235217, at *9 (N.D. Cal. Jan. 22, 2024) .... 13

*Doe v. Cotterman*, No. 17 C 58, 2018 WL 1235014, at *5 (N.D. Ill. Mar. 9, 2018) .................... 28

*FirstMerit Bank, N.A. v. Stave Props., Inc.*, 29 F. Supp. 3d 1151, 1154 n.3 (N.D. Ill. 2014) ........ 11

*Flava Works, Inc. v. Gunter*, 689 F.3d 754, 757–58 (7th Cir. 2012) ............................................. 15

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 309 (2019) ............. 4, 5, 6

*Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154-55 (7th Cir. 2020) ........................... 18

*Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 968 (N.D. Ill. 2020) ...................... 18, 19

v

*Horist v. Sudler & Co.*, 941 F.3d 274, 281 (7th Cir. 2019) ........................................................ 22

*Huston v. Hearst Commc'ns, Inc.*, 53 F.4th 1097, 1100 (7th Cir. 2022)...................................... 20

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945) ............................................................ 26

*Jones v. Microsoft Corp.*, 649 F. Supp. 3d 679, 684 (N.D. Ill. 2023) ......................................... 19

*Kahn v. Walmart Inc.*, 107 F.4th 585, 606 (7th Cir. 2024)......................................................... 21

*Kloss v. Acuant, Inc.*, 462 F. Supp. 3d 873, 877 (N.D. Ill. 2020).................................................11

*Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1141 (9th Cir. 2006) .......................................... 23

*Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 169 (2d Cir. 2020)....................................................... 14

*McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ......................................... 10, 24

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) .................. 15, 16

*MG Design Assocs., Corp. v. CoStar Realty Info., Inc.*, 224 F. Supp. 3d 621, 633 (N.D. Ill. 2016) ................................................................................................................................................. 6

*Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 446 (7th Cir. 2010).................................................................................................................. 26

*Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 108 F.4th 458, 473 (7th Cir. 2024)....... 8, 10

*Patterson v. Respondus, Inc.*, 593 F. Supp. 3d 783, 802 (N.D. Ill. 2022).................................... 18

*Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 673 (9th Cir. 2017)........................................ 17

*Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 929 (N.D. Ill. 2013) ............................................................................................................................................ 13

*Pickett v. Migos Touring, Inc.*, 420 F. Supp. 3d 197, 206 & n.4 (S.D.N.Y. 2019) ..................... 4, 7

*Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011) ............................................................................................................................. 21

*Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).................. 26

*Rawls v. Paradise Artists, Inc.*, No. 3:18-0417, 2020 WL 1493610, at *5 (M.D. Tenn. Mar. 27, 2020) ............................................................................................................................ 6, 7

*Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010) ............................................................ 5

*Richardson v. Kharbouch*, 156 F.4th 849, 853 (7th Cir. 2025) ...................................................... 7

*RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. 325, 326 (2016) .............................................. 8, 12

*Rodriguez v. ByteDance, Inc.*, No. 23 CV 4953, 2025 WL 672951, at *18 (N.D. Ill. Mar. 3, 2025) ...................................................................................................................................... 19

*Rundquist v. VAPIANO SE*, 798 F. Supp. 2d 102, 129 (D.D.C. 2011) .......................................... 9

*Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 500 (7th Cir. 2011) ................................................. 22, 23

*Sloan v. Anker Tech. Corp.*, 711 F. Supp. 3d 946, 965 (N.D. Ill. 2024) ................................. 17, 18

*Sony Corp. of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 434 (1984) ............................. 15

*Sosa v. Onfido, Inc.*, 600 F. Supp. 3d 859, 871–72 (N.D. Ill. 2022) ............................................ 17

*Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1090 (9th Cir. 1994) (en banc) ..... 9

*Sun v. Xie,* No. 19 CV 6381, 2025 WL 2467497, at *5 (N.D. Ill. Aug. 27, 2025) ........................ 14

*Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1247–49 (7th Cir. 2021) ..................................... 19

*Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 910 (7th Cir. 2005) ................................................... 23

*TWD, LLC v. Grunt Style LLC,* No. 18 C 7695, 2019 WL 5420153, at *5 (N.D. Ill. Oct. 23, 2019) ........................................................................................................................................ 7

*Valley Entm't v. Friesen*, 691 F. Supp. 2d 821, 824 (N.D. Ill. 2010) .............................................. 7

*VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 746 (9th Cir. 2019) ............................................... 16

*Walden v. Fiore*, 571 U.S. 277, 284-86 (2014) ............................................................................ 25

*Yeftich v. Navistar, Inc.*, 722 F.3d 911, 917 (7th Cir. 2013) .................................................... 11, 25

*Zellmer v. Meta Platforms, Inc.*, 104 F.4th 1117, 1124-26 (9th Cir. 2024) ................................. 17

**STATUTE**

17 U.S.C. § 106 ........................................................................................................... 22, 24

17 U.S.C. § 114(b) ............................................................................................................ 7

17 U.S.C. § 1201 ........................................................................................................ 11, 14

17 U.S.C. § 1201(a) ......................................................................................................... 14

17 U.S.C. § 1201(a)(1), (a)(2) ........................................................................................ 14

17 U.S.C. § 1201(b)(1) .................................................................................................... 14

17 U.S.C. § 1202 .................................................................................................... 11, 12, 13

17 U.S.C. § 1202(a) ......................................................................................................... 12

17 U.S.C. § 1202(c) ......................................................................................................... 13

17 U.S.C. § 301(a) ........................................................................................................... 22

17 U.S.C. § 411(a) ...................................................................................................... 4, 5, 6

17 U.S.C. §§ 102(a)(1), (2), (7) ........................................................................................ 7

740 ILCS 14/10 ............................................................................................................... 18

740 ILCS 14/15(a)-(d) ........................................................................................... 17, 18, 19

765 ILCS 1075/30(a) ....................................................................................................... 20

765 ILCS 1075/5 ............................................................................................................. 20

815 ILCS 510/3 ............................................................................................................... 21

**RULES**

Fed. R. Civ. P. 12(b)(1) ................................................................................. 2, 5, 17, 20, 28

Fed. R. Civ. P. 12(b)(2) ...................................................................................... 2, 25, 28

Fed. R. Civ. P. 12(b)(6) ................................................................... 2, 4, 5, 6, 7, 12, 17, 20, 29

Fed. R. Civ. P. 12(c) ......................................................................................................... 7

Fed. R. Civ. P. 12(e) ............................................................................................. 2, 28, 29

Fed. R. Evid. 201(b)(2) ................................................................................................... 4

Rule 12 ...................................................................................................................... 1, 4

Rule 4(k)(2) ........................................................................................................... 27, 28

Rule 8 .......................................................................................................................11, 24

Rule 9(b) .................................................................................................................... 21

**INTRODUCTION**

This case is pleaded as a broad challenge to AI music generation, but Rule 12 requires defendant-specific claims against Skywork based on domestic conduct and, for copyright claims, properly registered works. The Complaint does not plead those claims. It names Skywork, a Singapore company, among several "Defendants" connected to Mureka, then assigns a long list of acts to the group. That approach does not plead personal jurisdiction in Illinois, copyright claims on registered works, domestic copyright or DMCA violations, or secondary copyright liability tied to direct infringement and Skywork-specific intent.

The copyright counts fail at the threshold for many asserted works. Exhibit A lists 88 works, but 69 are marked "AAA," meaning Plaintiffs "have filed or will promptly file" registration applications and will supplement later. Ex. A at 1 n.1. Section 411(a) does not allow suit first and registration later. Counts IV and V add a related mismatch: they assert lyric and composition claims while relying mostly on sound-recording registrations. The public Copyright Office records show a narrower registration picture than the Complaint assumes.

The federal claims also stop where territoriality matters. Plaintiffs center their claims on alleged acquisition, ingestion, copying, metadata stripping, circumvention, training, fine-tuning, and corpus retention. But the Complaint does not plead where those acts occurred or what Skywork itself did in the United States. A globally accessible platform, U.S. users, app-store listings, payments, analytics, and a U.S.-geolocated front-end endpoint do not plead a domestic copyright or DMCA violation by Skywork.

The remaining claims also have defects. The secondary-liability counts do not identify direct infringement, an infringing output, or a Skywork act showing inducement, control, or revenue tied to infringement of a Plaintiff work. The Illinois claims do not plead BIPA standing and statutory

1

elements, public use of any named Plaintiff's identity by Skywork, a particular deceptive act supporting prospective UDTPA relief, or a nonpreempted unjust-enrichment theory. Skywork therefore asks the Court to dismiss the claims against it under Rules 12(b)(1), 12(b)(2), and 12(b)(6), as applicable. At a minimum, Plaintiffs should be required under Rule 12(e) to identify which Plaintiff asserts which claim, which work or right is at issue, which statutory act is alleged, and what Skywork itself supposedly did.

## **BACKGROUND**

Plaintiffs filed this proposed class action on December 17, 2025, against Kunlun Tech Co., Ltd., Skywork AI Pte. Ltd., and Unknown Defendants. ECF No. 1; Compl. ¶¶ 41-43. Skywork executed a waiver of service, and its deadline to answer or otherwise respond to the Complaint is July 14, 2026. ECF No. 16 at 1.

The Complaint alleges that Plaintiffs are independent musicians, songwriters, producers, and related rights-holders. Compl. ¶¶ 14-40. It alleges that Kunlun is organized under the laws of the People's Republic of China and headquartered in Beijing. Compl. ¶ 41. It alleges that Skywork is a private company limited by shares organized under Singapore law, with its registered office in Singapore and, on information and belief, its principal place of business in Singapore. Compl. ¶ 42. Skywork's corporate disclosure states that Skywork AI Inc., a Cayman company, is Skywork's direct parent, and that Kunlun indirectly owns more than 10% of Skywork through intermediate holding companies. ECF No. 20 at 1.

Mureka is the product at issue. The Complaint alleges that Mureka is offered through a web interface, an API platform, and mobile applications distributed through major app stores. Compl. ¶ 57. It alleges that Mureka lets users generate complete songs, including lyrics, instrumentation, and vocals, from text prompts specifying genre, mood, tempo, language, and other parameters, and

2

that Mureka also offers an API service for developers and businesses. Compl. ¶¶ 59, 62. Skywork's public-facing description presents Mureka differently from the Complaint's litigation framing: as a music-creation tool intended to reduce the technical and cost barriers between a user's idea and a finished song. That context matters only to describe the product.

Plaintiffs allege that Defendants copied, ingested, stored, trained on, fine-tuned on, and commercially exploited Plaintiffs' sound recordings, lyrics, compositions, metadata, voices, and identities through Mureka. Compl. ¶¶ 1, 4-8, 79, 88-91, 100-09. They further allege that this conduct harmed licensing markets for independent artists and allowed Mureka to compete with human-created music. Compl. ¶¶ 7, 81-85, 141-45. Skywork denies liability. For this motion, the issue is whether the Complaint pleads facts and cognizable claims against Skywork.

The Complaint asserts 14 counts. Counts I through V assert direct copyright infringement theories for registered sound recordings, distribution of sound recordings, unregistered sound recordings, lyrics, and non-lyric musical compositions. Compl. ¶¶ 165-222. Counts VI through VIII assert DMCA claims for removal or alteration of copyright-management information, circumvention of access controls, and false copyright-management information. Compl. ¶¶ 223-57. Counts IX and X assert contributory and vicarious copyright infringement. Compl. ¶¶ 258-80. Count XI asserts an Illinois Biometric Information Privacy Act claim; Count XII asserts an Illinois Right of Publicity Act claim; Count XIII asserts an Illinois Uniform Deceptive Trade Practices Act claim; and Count XIV asserts unjust enrichment under Illinois common law. Compl. ¶¶ 281-331.

Exhibit A identifies 88 entries. Ex. A. Nineteen entries list one of four non-AAA registration numbers: SR 845-765 for "Bad News," SRu 1-313-672 for the seven "Prequel to the Sound" entries, SRu 1-533-131 for the ten "This Road" entries, and PAu002889490 for "Let armies loose, & 1 other song." Ex. A at 1-4, 8. The remaining 69 entries are designated "AAA." Ex. A at 1 n.1, 2-11.

3

Exhibit A explains that "AAA" means Plaintiffs "have filed or will promptly file copyright registration applications and will supplement this Exhibit with certificate details when issued." Ex. A at 1 n.1.

For the registration issues, Skywork asks the Court to take judicial notice under Federal Rule of Evidence 201(b)(2) of the U.S. Copyright Office public records corresponding to the four registration numbers in Exhibit 1: SR 845-765, SRu 1-313-672, SRu 1-533-131, and PAu002889490. Those public records show the registration number, effective date, title or content titles, type of work or authorship stated, authors, and claimants. SR 845-765 Reg. at 1; SRu 1-313-672 Reg. at 1; SRu 1-533-131 Reg. at 1; PAu002889490 Reg. at 1. Skywork seeks notice only for that limited purpose. It does not ask the Court to take notice of disputed ownership, validity, originality, copyright scope, infringement, or any other merits fact. Considering these public records for their existence and contents, not for disputed factual truth, does not convert this Rule 12 motion into one for summary judgment. Fed. R. Evid. 201(b)(2); *Pickett v. Migos Touring, Inc.*, 420 F. Supp. 3d 197, 206 & n.4 (S.D.N.Y. 2019).

## ARGUMENT

**I.     PLAINTIFFS FAIL TO STATE COPYRIGHT CLAIMS (COUNTS I-X) UNDER FED. R. CIV. P. 12(B)(6).**

**A.     All Copyright Claims Predicated on Unregistered or Registration-Pending Works Should Be Dismissed Without Prejudice Because 17 U.S.C. § 411(a) Bars Institution of Suit Until the Copyright Office Grants or Refuses Registration.**

The Copyright Act bars suit on a United States work until "registration of the copyright claim has been made." 17 U.S.C. § 411(a). The Supreme Court has held that registration occurs "not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application." *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 309 (2019). A pending application does not suffice to make registration, and treating

4

an application as registration would make § 411(a)'s refusal provision "superfluous." *Fourth Est.*, 586 U.S. at 297.

Section 411(a) is not jurisdictional, but it is a mandatory pre-suit condition enforced under Rule 12(b)(6). *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010) (holding § 411(a) is nonjurisdictional but mandatory); *Blue Book Servs., Inc. v. Farm Journal, Inc.*, 435 F. Supp. 3d 912, 918 (N.D. Ill. 2020) (dismissing under Rule 12(b)(6), not Rule 12(b)(1), for failure to satisfy § 411(a)). The Seventh Circuit applies the same rule: registration is "a prerequisite to suing for infringement," not a condition of copyright protection. *Brooks-Ngwenya v. Indianapolis Pub. Sch.*, 564 F.3d 804, 806 (7th Cir. 2009); *see also DeliverMed Holdings, LLC v. Schaltenbrand*, 734 F.3d 616, 622 (7th Cir. 2013) (requiring copyright registration "before filing suit for infringement"). Exhibit A confirms the defect: 69 of 88 entries are marked "AAA," meaning Plaintiffs "have filed or will promptly file" applications and will supplement later. Ex. A at 1 n.1. Those pending or promised applications do not satisfy § 411(a). *Fourth Est.*, 586 U.S. at 309. The remedy is dismissal without prejudice. *Blue Book,* 435 F. Supp. 3d at 920.

1.  Count III (Previously-Unregistered Copyright Class) and the Previously-Unregistered Subclasses in Counts IV, V, IX, and X Should Be Dismissed in Their Entirety.

Count III rests entirely on the "Previously-Unregistered Copyright Class," meaning artists who allegedly own or control copyrights in sound recordings that were unregistered when Defendants allegedly copied, ingested, or exploited them. Compl. ¶ 156.b. Counts IV, V, IX, and X also include previously unregistered subclasses for lyrics, non-lyric compositions, and secondary liability. Compl. ¶¶ 156.d, 156.f, 199-222, 258-80. These claims and subclasses have no registered-work anchor.

Plaintiffs' promise to cure the defect later cannot save these claims. They allege that they "have filed or will promptly file registration applications" and "do not seek adjudication or entry

5

of relief" unless and until registration or refusal issues. Compl. ¶¶ 197, 208, 220, 269, 280. But § 411(a) "is akin to an administrative exhaustion requirement" before suit. *Fourth Est.*, 586 U.S. at 301. "Satisfaction of the condition while the suit is pending does not avoid the need to start anew." *MG Design Assocs., Corp. v. CoStar Realty Info., Inc.*, 224 F. Supp. 3d 621, 633 (N.D. Ill. 2016). Likewise, "an amended complaint cannot fix" the failure to obtain registration before filing. *Rawls v. Paradise Artists, Inc.*, No. 3:18-0417, 2020 WL 1493610, at *5 (M.D. Tenn. Mar. 27, 2020). Count III and the previously unregistered subclasses in Counts IV, V, IX, and X should be dismissed in their entirety.

> 2. Claims Based on Unregistered Works Within Counts I (Direct Infringement), II (Distribution), IV (Lyric Infringement), V (Composition Infringement), IX (Contributory Infringement), and X (Vicarious Infringement) Should Be Dismissed to the Extent They Rely on Unregistered Works.

The remaining copyright counts contain both registered and unregistered works. Exhibit A lists four non-AAA registration numbers, but other entries remain "AAA." Ex. A at 1 n.1, 1-11. Counts I, II, IV, V, IX, and X therefore fail to the extent they rest on those unregistered works.

The same rule applies to secondary liability. Counts IX and X include classes covering owners of unregistered works. Compl. ¶¶ 258, 270. A contributory or vicarious claim requires a valid direct-infringement predicate. *MG Design*, 224 F. Supp. 3d at 633. Because § 411(a) bars suit on unregistered United States works, *see Brooks-Ngwenya*, 564 F.3d at 806, it also bars secondary claims predicated on infringement of those works.

Work-by-work dismissal is proper. Each infringement of a work "gives rise to a discrete claim." *Chi. Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 614 (7th Cir. 2014). Dismissing unregistered-work claims therefore does not carve up elements of a single claim, and it does not implicate the rule against piecemeal dismissal of claim fragments. *Cf. BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015) ("Rule 12(b)(6) doesn't permit piecemeal dismissals

6

of parts of claims"). This District has allowed the same targeted approach where one count included both defective and nondefective claims. *TWD, LLC v. Grunt Style LLC,* No. 18 C 7695, 2019 WL 5420153, at *5 (N.D. Ill. Oct. 23, 2019) (dismissing unregistered-mark claim within a count mixed with registered-mark claim under Rule 12(c)).[1] Nor does proper commencement as to some copyrights excuse noncompliance as to others. *Rawls*, 2020 WL 1493610, at *6. The claims in Counts I, II, IV, V, IX, and X should be dismissed to the extent they rely on unregistered works.

**B.** **Counts IV (Lyric Infringement) and V (Composition Infringement) Should Be Independently Dismissed in Part Because Plaintiffs Cannot Use Sound-Recording-Only Registrations to Plead Lyric or Composition Claims.**

Counts IV and V conflate sound-recording registrations with separate lyric and musical-composition rights. Count IV asserts direct infringement of lyrics, and Count V asserts direct infringement of non-lyric musical composition expression. Compl. ¶¶ 199-222. Those claims require registrations for the asserted lyric or composition rights, not merely registrations for sound recordings that may embody them.

The Copyright Act separately protects literary works, musical works "including any accompanying words," and sound recordings. 17 U.S.C. §§ 102(a)(1), (2), (7). A sound-recording copyright protects the fixed recorded sounds, 17 U.S.C. § 114(b); but it does not cover "the underlying musical composition." *Richardson v. Kharbouch*, 156 F.4th 849, 853 (7th Cir. 2025); *Valley Entm't v. Friesen*, 691 F. Supp. 2d 821, 824 (N.D. Ill. 2010) (PA registration "does not cover sound recordings"). Courts dismiss composition claims where the plaintiff merely obtained an "SR" (Sound Recording) registration before filing the suit. *Pickett v. Migos Touring, Inc.*, 420 F. Supp. 3d 197, 205 (S.D.N.Y. 2019).

---

[1] Rule 12(c) and Rule 12(b)(6) are "governed by the same [pleading] standards." *Adams v. City of Indianapolis*, 742 F.3d 720, 727–28 (7th Cir. 2014).

Exhibit A and the noticed Copyright Office records show the mismatch. Only SRu 1-533-131 states authorship in "Sound Recordings and Musical Works (with or without lyrics)," and only PAu002889490 is a "Music" registration stating authorship in "words & music." Ex. 1, SRu 1-533-131 Reg. at 1; PAu002889490 Reg. at 1. The other two non-AAA registrations, SR 845-765 and SRu 1-313-672, list authorship as "sound recording," not lyrics, words, music, or musical composition. Ex. 1, SR 845-765 Reg. at 1; SRu 1-313-672 Reg. at 1.

Count IV should therefore be dismissed for every lyric claim not tied to a completed literary-work or musical-work registration or refusal. Count V should be dismissed for every non-lyric composition claim not tied to a completed musical-work registration or refusal. To the extent Plaintiffs rely on SRu 1-533-131 and PAu002889490, Counts IV and V should be limited to lyric and composition works actually covered by those registrations and supported by evidence. Work-based dismissal is proper for the reasons stated above. *Chi. Bldg. Design*, 770 F.3d at 614.

**C.    All Copyright and DMCA Claims Should Be Dismissed Because the Complaint Pleads No Domestic Statutory Violation by Skywork.**

The Copyright Act "does not rule the world." *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 108 F.4th 458, 473 (7th Cir. 2024), *reh'g and reh'g en banc dismissed*, No. 22-2370, 2024 WL 4416886 (7th Cir. Oct. 4, 2024), and *cert. denied*, 145 S. Ct. 1182 (2025). "Absent clearly expressed congressional intent to the contrary, federal laws will be construed to have only domestic application." *RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. 325, 326 (2016). Because the Copyright Act lacks a clear extraterritorial command, Plaintiffs must plead conduct "relevant to the statute's focus" in the United States. *Motorola*, 108 F.4th at 473. For foreign infringement, the Seventh Circuit requires a domestic predicate act of infringement; foreign acts do not become domestic merely because they have domestic effects or are associated with a U.S.-facing business. *Id.* at 475 (original copy being in the U.S. does not make foreign copying and sale domestic

infringement).

For secondary liability, the domestic act must itself infringe an exclusive right under the Copyright Act: "authorizing an act that itself could not constitute infringement" creates no Copyright Act liability. *Subafilms, Ltd. v. MGM-Pathe Commc'ns Co.*, 24 F.3d 1088, 1090 (9th Cir. 1994) (en banc). Domestic marketing, user access, payments, routing, or platform operation cannot substitute for that statutory violation unless tied to an actual domestic infringement, because secondary liability "can only exist if an associated act of infringement . . . actually occurs within the United States." *Rundquist v. VAPIANO SE*, 798 F. Supp. 2d 102, 129 (D.D.C. 2011).

Counts I (Direct Copyright Infringement), II (Distribution), III (Unregistered Recordings), IV (Lyric Infringement), V (Composition Infringement), IX (Contributory Infringement), and X (Vicarious Infringement) fail because the Complaint does not plead a domestic act of reproduction, distribution, or other Copyright Act violation by Skywork. Counts VI (CMI Removal/Alteration), VII (Circumvention of Access Controls), and VIII (False CMI) fail for the same reason under the DMCA. The Complaint pleads U.S. users, U.S. marketing, U.S. app-store access, U.S. analytics, and a U.S.-geolocated endpoint, but those allegations do not plead Skywork's relevant domestic violation of the Copyright Act or the DMCA.

1.  <u>The Copyright Act counts (Counts I–V and IX–X) fail because the Complaint pleads no domestic reproduction, distribution, or other infringement tied to Skywork.</u>

The copyright counts center on training-stage conduct. Plaintiffs allege that Defendants copied, ingested, stored, trained on, fine-tuned on, and retained recordings, compositions, lyrics, and metadata. Compl. ¶¶ 4-6, 87-88, 104-09, 166-73, 190-95, 202-04, 211-14. But the Complaint does not plead where that acquisition, ingestion, storage, training, fine-tuning, or retention occurred. Nor does it plead that Skywork, rather than Kunlun, Unknown Defendants, vendors, or undifferentiated "Defendants," performed any domestic act of copying a Plaintiff work.

9

The U.S.-contact allegations do not supply the missing domestic act. Plaintiffs allege that Mureka is available in Illinois, appears in U.S. app stores, accepts U.S. subscriptions, collects U.S. analytics, uses U.S.-facing policies, markets to U.S. creators, and routes user traffic through a Virginia-geolocated Alibaba Cloud endpoint. Compl. ¶¶ 46(a)-(n), (p)-(x), 48. Those allegations concern access, inference, payments, analytics, and personal jurisdiction. They do not identify the domestic reproduction or distribution that *Motorola* requires. *See Motorola*, 108 F.4th at 475 (foreign reproduction, distribution, or sale constitute no domestic infringement).

The server allegation does not transform foreign or location-indeterminate conduct into domestic infringement. *Motorola* rejected a server-location shortcut: downloads from mirrored servers abroad cannot serve as domestic predicate acts merely because the main database sits on a U.S. server. *Motorola*, 108 F.4th at 475. Plaintiffs plead only that public DNS records for mureka.ai resolve to a Virginia-geolocated endpoint and that U.S. user traffic passes through that endpoint. Compl. ¶ 46(x). That says nothing about where the alleged training corpus was acquired, where Plaintiff works were copied, where datasets were stored, or where model training occurred.

Paragraphs 46(s) and 46(t) do not close that gap. Paragraph 46(s) alleges that "U.S. user traffic," including "uploads of recordings and downloads of generated tracks," travels through U.S. servers. Compl. ¶ 46(s). That allegation ties only user-initiated service traffic to the United States. It does not plead a domestic reproduction or distribution by Skywork. Paragraph 46(t) then asserts that Defendants use the "same U.S.-facing Mureka infrastructure, models, and data pipelines" to ingest, copy, process, and exploit Plaintiffs' works. Compl. ¶ 46(t). But that sentence is the conclusion Plaintiffs must plead facts to support. Courts accept well-pleaded facts, not legal conclusions or conclusory element recitals. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (requiring a plaintiff to provide enough factual detail to present a coherent story); *see*

10

*also Brooks v. Ross*, 578 F.3d 574, 582 (7th Cir. 2009) (adequate pleading of personal involvement and unlawful conduct still failed under *Iqbal* as formulaic recitation). Paragraph 46(t) pastes a U.S.-facing label onto the elements of infringement. It does not plead facts showing domestic infringement by Skywork.

The MusiCoT allegations do not bridge the gap, either. Plaintiffs allege that Kunlun, Kunlun employees, and Kunlun researchers released a paper describing training on millions of songs. Compl. ¶¶ 89-90. Those allegations name Kunlun, not Skywork, and do not place any copying, preprocessing, storage, training, fine-tuning, or model development in the United States. Plaintiffs' information-and-belief allegation that Mureka's models are "built on, derived from, or substantially similar to" MusiCoT likewise lacks supporting facts. Compl. ¶ 89. Rule 8 permits information-and-belief pleading only when the pleading supplies enough factual basis to make the inference plausible. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 917 (7th Cir. 2013) (affirming dismissal where the complaint is "absent specific factual detail to color bare conclusory allegations"); *Kloss v. Acuant, Inc.*, 462 F. Supp. 3d 873, 877 (N.D. Ill. 2020) (dismissing BIPA claims pleaded on information and belief without further factual detail as to when, how, or from whom biometric data was collected or disclosed); *FirstMerit Bank, N.A. v. Stave Props., Inc.*, 29 F. Supp. 3d 1151, 1154 n.3 (N.D. Ill. 2014) (observing that a bare "on information and belief" allegation devoid of any "information" fails because the Court cannot trepan the defendants' skulls to inspect their "belief"). The Complaint pleads no who, what, when, where, how, or source for the belief that Skywork committed a domestic copyright violation.

2. The DMCA Counts (Counts VI-VIII) fail because the Complaint pleads no domestic conduct relevant to the focus of §§ 1201 or 1202.

Count VII fails because Plaintiffs do not plead a domestic § 1201 violation. The question is not whether Mureka was accessible in the United States or whether Plaintiffs describe a technically

11

possible circumvention theory. The question is whether the conduct relevant to circumvention or trafficking occurred in the United States. *RJR Nabisco*, 579 U.S. at 337 (domestic application inquiry rests on "the statute's focus" and whether "the conduct relevant to the statute's focus occurred in the United States"); *Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S. 412, 418 (2023) (same). Plaintiffs allege, mostly on information and belief, that Defendants bypassed streaming-platform access controls and used or procured tools to obtain audio for ingestion and training. Compl. ¶¶ 93-103, 237-46. They do not plead that those acts occurred in the United States or that Skywork performed them here.

Counts VI and VIII have the same territorial defect. Count VI alleges CMI removal during copying, conversion, standardization, segmentation, and training-data ingestion, but it does not plead where the removal occurred. Compl. ¶¶ 225, 228, 231. Count VIII identifies no domestic Mureka output containing protected expression from any Plaintiff work, no domestic provision of false CMI with a copy or phonorecord of a Plaintiff work, and no Skywork act of providing, distributing, or importing false CMI in the United States. Compl. ¶¶ 250-57. A U.S.-accessible product page is not a pleaded domestic § 1202(a) violation.

In sum, the Complaint pleads a foreign defendant, a globally accessible platform, U.S.-facing commercial contacts, U.S.-routed user traffic, and a Kunlun-affiliated research paper. It does not plead domestic statutory violations by Skywork. Counts I through X should be dismissed under Rule 12(b)(6).

**D.    The DMCA Counts (Counts VI–VIII) Independently Fail Because Plaintiffs Do Not Plead the Elements Required.**

Even if Plaintiffs had pleaded domestic Skywork conduct, the DMCA counts independently fail on the elements. Counts VI and VIII fail on three defects concerning § 1202. The first defect is lack of specific copyright-management information ("CMI") pleaded. Section 1202 protects

12

CMI only when it is "conveyed in connection with copies" of a work. 17 U.S.C. § 1202(c). A plaintiff therefore "cannot base a DMCA claim on CMI that was not displayed on or with the allegedly copied works." *Personal Keepsakes, Inc. v. Personalizationmall.com, Inc.*, 975 F. Supp. 2d 920, 929 (N.D. Ill. 2013). Where the claim rests on mass ingestion into an AI dataset, each plaintiff must identify "the exact type of CMI" allegedly included in the online work and plausible facts showing which defendant stripped or altered it and when. *Andersen v. Stability AI Ltd.*, 700 F. Supp. 3d 853, 872 (N.D. Cal. 2023). Plaintiffs do none of that. Count VI alleges CMI removal during bulk ingestion and training-data preparation, and Count VIII alleges false CMI on Mureka output pages and labels. Compl. ¶¶ 225, 228, 231, 250-57. But Plaintiffs do not identify the CMI attached to any particular Plaintiff work, the copy from which it was removed, or any Skywork act that supplied false CMI with a copy of a Plaintiff work.

The second defect of Counts VI and VIII concerns identicality. Section 1202 does not turn every derivative, style-based, or output-based infringement allegation into a CMI claim. Courts have applied § 1202 to require the accused copy to be "identical" and dismissed claims where outputs are alleged to be only modified, variant, or functionally equivalent versions of the original. *See, e.g., Doe 1 v. GitHub, Inc.*, No. 22-CV-06823, 2024 WL 235217, at *9 (N.D. Cal. Jan. 22, 2024). The same principle defeats a claim based on generated music: "basing a drawing on another's work is not the same as removing copyright management information." *Design Basics, LLC v. WK Olson Architects, Inc.*, No. 17 C 7432, 2019 WL 527535, at *5 (N.D. Ill. Feb. 11, 2019); *Crowley v. Jones*, 608 F. Supp. 3d 78, 90 (S.D.N.Y. 2022) (no DMCA violation where alleged infringer printed his own name on derivative work). Plaintiffs do not allege that Mureka reproduced or distributed an identical Plaintiff work without CMI or with falsified CMI.

The third defect of Counts VI and VIII relates to double scienter. Section 1202 liability

13

requires the copyrighted work distributor's knowledge "that [CMI] has been removed or altered" without authorization plus knowledge "that [such distribution] will induce, enable, facilitate, or conceal [a copyright] infringement." *Mango v. BuzzFeed, Inc.*, 970 F.3d 167, 169 (2d Cir. 2020); *Sun v. Xie,* No. 19 CV 6381, 2025 WL 2467497, at *5 (N.D. Ill. Aug. 27, 2025) (same). Plaintiffs plead neither state of mind. They do not allege that Skywork knew any identified CMI had been removed from any identified copy, that Skywork supplied any false CMI on a copy of a Plaintiff work, or that Skywork intended any CMI-related act to facilitate or conceal infringement.

Count VII independently fails, too. Section 1201 reaches only a technological measure that "effectively controls access" to a copyrighted work, 17 U.S.C. § 1201(a)(1), (a)(2), and prohibits trafficking only in technology "primarily designed or produced for the purpose of circumventing" a protected measure, *id.* § 1201(b)(1). That gatekeeping requirement matters: § 1201(a) does not apply to "otherwise-readily-accessible copyrighted works." *CouponCabin LLC v. Savings.com, Inc.*, No. 2:14-CV-39-TLS, 2016 WL 3181826, at *6 (N.D. Ind. June 8, 2016). Plaintiffs plead no particular measure that controlled access to any particular Plaintiff work, no domestic Skywork act that bypassed one, and no Skywork technology primarily designed for circumvention rather than a commercially significant non-circumvention purpose. Compl. ¶¶ 237-46; *see Agfa Monotype Corp. v. Adobe Sys., Inc.*, 404 F. Supp. 2d 1030, 1036, 1040 (N.D. Ill. 2005) (requiring an effectively controlled work and rejecting § 1201 liability where the accused product was not primarily designed or produced for circumvention). Count VII should be dismissed.

**E.** **Secondary Liability Counts (Counts IX–X) Should Be Dismissed Because Plaintiffs Do Not Plead Facts Supporting the Required Elements of Contributory or Vicarious Infringement.**

    1.    Counts IX and X fail because Plaintiffs do not plead direct infringement by any alleged third-party infringer.

Secondary copyright liability depends on direct infringement by someone else. *Sony Corp.*

*of Am. v. Universal City Studios, Inc.*, 464 U.S. 417, 434 (1984) (requiring a direct infringer before secondary copyright liability can attach); *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) (same). In the Seventh Circuit, "personal conduct that encourages or assists the infringement" can support contributory liability, but "[t]he facilitator of conduct that doesn't infringe copyright is not a contributory infringer." *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 757–58 (7th Cir. 2012).

Counts IX and X do not identify that required direct infringement. Plaintiffs list possible actors, including users, data suppliers, partners, contractors, vendors, and Unknown Defendants. Compl. ¶¶ 260-78. But neither count identifies any direct infringement of any asserted work. Plaintiffs also allege that technology and distribution partners reproduced and distributed infringing outputs through integrated channels. Compl. ¶ 260(c). But if the Complaint pleads no infringing output by any user, it also pleads no output that a technology or distribution partner reproduced, distributed, or made available to the public. Nor do Plaintiffs plead direct infringement by any data supplier or compiler. Without an infringing output or domestic third-party copy, there is no direct predicate for contributory or vicarious liability.

The Complaint is silent on any direct user infringement of Plaintiffs' sound recordings. Compl. ¶¶ 7-9, 59-60, 110, 263-65. Nor does the Complaint plead direct infringement of lyrics or compositions by direct infringers. Compl. ¶¶ 5, 59-60, 76-83, 110. It does not identify any output that copied protectable lyric text, melody, harmony, rhythm, structure, or arrangement from a Plaintiff work. Direct infringement and inducement both require "identification of an allegedly infringed work" and the infringing act. *Art of Design, Inc. v. Pontoon Boat, LLC*, No. 3:16-CV-595, 2017 WL 3608219, at *4 (N.D. Ind. Aug. 22, 2017). Conclusory statements about direct infringement are not enough. Secondary liability cannot stand on a missing predicate.

2.  Count IX (Contributory Infringement) independently fails because Plaintiffs do not plead Skywork-specific intent under *Cox*.

Count IX also fails because Plaintiffs do not plead the intent required for contributory infringement. A service provider is liable for user infringement only if it "intended its service to be used for infringement," either by "affirmatively induc[ing] infringement" or by selling the service "tailored to infringement." *Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959, 964 (2026). Mere knowledge, even with "insufficient action to prevent" infringement, is not enough. *Cox*, 146 S. Ct. at 969. Plaintiffs plead no facts showing that Skywork intended Mureka to be used for infringement. Compl. ¶¶ 261-64, 267.

Plaintiffs' inducement allegations add labels, not facts. Mureka's music-generation tools, lyric tools, reference-track functionality, commercial-use tiers, output volume, and distribution channels describe a platform capable of lawful and allegedly unlawful uses. Compl. ¶¶ 59, 60, 76-77, 82-83, 110, 263-64. They do not show that Skywork "advertis[es] an infringing use or instruct[s] how to engage in an infringing use." *Grokster*, 545 U.S. at 915. Nor do they plead that Mureka lacks "substantial or commercially significant noninfringing uses." *Cox*, 146 S. Ct. at 967 (cleaned up). Count IX should be dismissed.

3.  Count X (Vicarious Infringement) independently fails because Plaintiffs do not plead vicarious control or a direct financial benefit from infringement.

Count X does not plead vicarious control. Vicarious liability requires both "a legal right to stop or limit the directly infringing conduct" and "the practical ability to do so." *VHT, Inc. v. Zillow Grp., Inc.*, 918 F.3d 723, 746 (9th Cir. 2019). A platform's "failure to change its operations … is not the same as declining to exercise the right and ability" to stop third-party direct infringement. *VHT*, 918 F.3d at 746. Count X alleges general authority over models, interfaces, guardrails, APIs, user accounts, vendors, and partners. Compl. ¶¶ 274-75. It does not identify a direct infringement Skywork had the legal and practical ability to stop.

16

Nor does Count X plead a direct financial benefit from infringement. The benefit must have "a causal relationship" to the infringing activity and must be tied to infringement "in this case," not infringing material in general. *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 673 (9th Cir. 2017). Plaintiffs allege revenue from subscriptions, API use, output volume, virality, and commercial utility. Compl. ¶¶ 276-77. They do not identify any user drawn to Mureka, or any revenue received by Skywork, because of infringement of a Plaintiff work. Count X should be dismissed.

## II. PLAINTIFFS FAIL TO STATE THEIR STATE-LAW CLAIMS (COUNTS XI–XIV) UNDER FED. R. CIV. P. 12(B)(6) AND THE COURT LACKS SUBJECT MATTER JURISDICTION UNDER FED. R. CIV. P. 12(B)(1).

### A. Count XI (BIPA) Should Be Dismissed Because Plaintiffs Do Not Plausibly Plead a BIPA Claim Against Skywork and Lack Article III Standing.

BIPA regulates specific acts concerning "voiceprints" by a specific private entity: possession and retention under § 15(a), collection or capture under § 15(b), sale or other for-profit transactions under § 15(c), and disclosure under § 15(d). 740 ILCS 14/15(a)-(d). The Complaint invokes all four subsections, but it pleads the operative conduct against "Defendants" collectively and labels voice-related model allegations as "voiceprints." Compl. ¶¶ 282-96. That does not plead a BIPA claim against Skywork.

Skywork does not ask the Court to hold that AI-derived voice material could never qualify as a BIPA "voiceprint." *See, e.g.*, *Sosa v. Onfido, Inc.*, 600 F. Supp. 3d 859, 871–72 (N.D. Ill. 2022) (allowing BIPA claims based on facial scans derived from photographs); *Sloan v. Anker Tech. Corp.*, 711 F. Supp. 3d 946, 965 (N.D. Ill. 2024) ("photographs alone do not support a BIPA action"; photo-based geometric scan of individuals does). But BIPA still requires biometric data capable of identifying a person. *Zellmer v. Meta Platforms, Inc.*, 104 F.4th 1117, 1124–26 (9th Cir. 2024) ("if either form of biometric data cannot identify an individual, it is not an identifier and thus not

17

covered by BIPA"); 740 ILCS 14/10. Count XI pleads no nonconclusory facts showing what biometric data Skywork extracted and how it identified Woulard, Stan Burjek, or James Burjek. Compl. ¶ 286. Count XI should be dismissed.

BIPA does not apply extraterritorially; the relevant circumstances must occur "primarily and substantially in Illinois." *Sloan*, 711 F. Supp. 3d at 959. Plaintiffs plead that certain Plaintiffs live or recorded music in Illinois, but not that Skywork collected, stored, sold, or disclosed a BIPA-covered voiceprint in Illinois. Compl. ¶¶ 18, 20, 23-24, 156(i), 288.

The § 15(a) claim fails because Plaintiffs lack Article III standing and do not plead possession, control, or unlawful retention by Skywork. Section 15(a) requires two elements: a retention policy and timely destruction. 740 ILCS 14/15(a). The policy-retention duty cannot support Article III standing because it is "owed to the public generally, not to particular persons whose biometric information [was collected]." *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617, 626 (7th Cir. 2020); *Patterson v. Respondus, Inc.*, 593 F. Supp. 3d 783, 802 (N.D. Ill. 2022) ("a violation of section 15(a)'s publication requirement does not, by itself, inflict an Article III injury"), *adhered to on denial of reconsideration*, No. 20 C 7692, 2022 WL 22887658 (N.D. Ill. Aug. 15, 2022); *id.* at 824 (dismissing § 15(a) claim for lack of Article III standing). An unlawful-retention claim requires retention "beyond the time authorized by law." *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146, 1154–55 (7th Cir. 2020). In any event, Plaintiffs plead violation of neither element against Skywork. Compl. ¶¶ 282, 286, 290-91. Section 15(a) further requires "possession" of biometric data, which this court defines as "exclusive control." *Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 968 (N.D. Ill. 2020). Plaintiffs plead no "dominion or control over [Plaintiffs'] biometric data." *Id.* (dismissing § 15(a) claim for lack of possession of biometric data).

The § 15(b) claim fails because Plaintiffs do not plead a Skywork collection or capture.

18

Section 15(b) requires a private entity to "collect, capture, purchase, receive through trade, or otherwise obtain" biometric data. 740 ILCS 14/15(b). Courts require "an active step" to obtain the biometric data. *Jones v. Microsoft Corp.*, 649 F. Supp. 3d 679, 684 (N.D. Ill. 2023); *Heard*, 440 F. Supp. 3d at 966. Plaintiffs plead audio ingestion and asserted voiceprint generation by "Defendants," not collection or capture of a BIPA-covered voiceprint by Skywork from any named Plaintiff. Compl. ¶¶ 282, 286, 289-90.

The § 15(c) claim fails because Plaintiffs plead neither an Article III injury nor a transaction in biometric data. Section 15(c) bars selling, leasing, trading, or otherwise profiting from biometric data. 740 ILCS 14/15(c). A plaintiff must plead a concrete injury tied to the challenged transaction. *Thornley v. Clearview AI, Inc.*, 984 F.3d 1241, 1247–49 (7th Cir. 2021) (holding that a violation of section 15(c)'s general prohibition on the sale of biometric data does not inflict an Article III injury). Plaintiffs allege platform revenues from music generation, subscriptions, API access, and outputs, not transactions in biometric data. Compl. ¶¶ 7, 292, 294-95. This District rejects § 15(c) claims that recast ordinary product revenue or product improvement as profiting from biometric data itself. *Davis v. e.l.f. Cosmetics, Inc.*, No. 22 C 5069, 2024 WL 2722663, at *8 n.4 (N.D. Ill. May 28, 2024) ("the term 'otherwise profit' is meant to apply to commercial transactions where 'the access to biometric data is shared or given to another'"); *Rodriguez v. ByteDance, Inc.*, No. 23 CV 4953, 2025 WL 672951, at *18 (N.D. Ill. Mar. 3, 2025) (rejecting interpretation of "otherwise profited from" in § 15(c) that would cover use of biometric data for AI development or its inclusion as "necessary element" of business model).

The § 15(d) claim also fails. Section 15(d) requires disclosure, redisclosure, or dissemination of biometric data. 740 ILCS 14/15(d). Count XI alleges disclosure to "employees/contractors and partners through access to retained corpora and evaluation artifacts," but it does not plead that

Skywork disclosed a statutory biometric identifier or biometric information to a separate recipient. Compl. ¶ 294; *Jones*, 649 F. Supp. 3d at 685 (dismissing § 15(d) claim for lacking plausible disclosure allegations); *Heard*, 440 F. Supp. 3d at 969 (dismissing § 15(d) claim because plaintiff offered no suspicion-triggering information that should have been possessed by plaintiff "[i]f [plaintiff] has a legitimate reason to suspect that [defendant] disclosed his biometric data or that of the putative class members").

In short, Count XI should be dismissed under Rules 12(b)(1) and 12(b)(6).

**B.    Count XII (IRPA) Should Be Dismissed Because Plaintiffs Do Not Plead Plaintiff-Specific Identity Use or a Public Commercial Purpose by Skywork.**

IRPA requires appropriation of the plaintiff's identity, without written consent, for the defendant's commercial purpose. 765 ILCS 1075/30(a); *Huston v. Hearst Commc'ns, Inc.*, 53 F.4th 1097, 1100 (7th Cir. 2022) (reciting elements). "Identity" means an attribute that identifies "that individual" to an "ordinary, reasonable viewer or listener." 765 ILCS 1075/5; *Dancel v. Groupon, Inc.*, 949 F.3d 999, 1002 (7th Cir. 2019). Count XII identifies Woulard, Stan Burjek, and James Burjek as the named IRPA Plaintiffs, but it pleads no public use of any one of their identities by Skywork. Compl. ¶ 298.

The Complaint alleges who Plaintiffs are and what they recorded, but not any Mureka output, advertisement, landing page, product page, app-store listing, API material, or other public commercial display identifying a named Plaintiff to ordinary listeners. Compl. ¶¶ 14-15, 18, 20-24, 300. Nor does it plead a statutory commercial purpose. An identity "must help sell something." *Huston*, 53 F.4th at 1102. "A free-floating profit motive is not enough." *D'Ambrosio v. Meta Platforms, Inc.*, No. 25-2231, 2026 WL 1361951, at *4 (7th Cir. May 15, 2026). The Complaint describes Mureka's product capabilities and business model, but pleads no public use of any named Plaintiff's identity for a commercial purpose. Compl. ¶¶ 4, 7-8, 53-68, 303.

The training allegation does not fill the gap. Plaintiffs allege that "Defendants" trained or fine-tuned models on recordings embodying identifiable voices. Compl. ¶ 300(a). That is alleged internal technical conduct, not public use of Plaintiffs' identities to commercialize Mureka. A generic commercial business purpose does not meet IRPA's statutory "commercial purpose." *Huston*, 53 F.4th at 1102 ("must help sell something"). Count XII should be dismissed.

## C. Count XIII Should Be Dismissed Because Plaintiffs Plead Platform Marketing, Not a Skywork-Specific Deceptive Trade Practice Supporting Injunctive Relief.

The UDTPA provides private plaintiffs with injunctive relief, not damages. 815 ILCS 510/3; *Kahn v. Walmart Inc.*, 107 F.4th 585, 606 (7th Cir. 2024). A private plaintiff must therefore plead a "future harm." *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). Count XIII does not plead that any named Plaintiff will use Mureka, encounter a future Skywork statement, be confused by it, or suffer future injury from it. Compl. ¶¶ 311-20. In fact, Plaintiffs' awareness of Mureka services suggests that they are unlikely to be harmed by Mureka in the future. *Camasta*, 761 F.3d at 741 ("Since Camasta is now aware of JAB's sales practices, he is not likely to be harmed by the practices in the future.")

The deception allegations also lack particularity. Plaintiffs challenge statements that Mureka outputs are original, royalty-free, commercial-ready, fully cleared, safe for commercial use, or properly attributed. Compl. ¶ 314. To the extent those allegations sound in fraud, Rule 9(b) requires a plaintiff to "describe the 'who, what, when, where, and how' of the fraud [like] 'the first paragraph of any newspaper story.'" *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011). Count XIII identifies no Skywork speaker, Skywork-authored statement, date, audience, named Plaintiff exposure, transaction, or output that made any statement false as to a Plaintiff work. Compl. ¶¶ 311-20.

The passing-off theory fails too. "Origin of goods" means the "producer of the tangible goods

21

that are offered for sale," not the author of the underlying work embodied in the goods. *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 37 (2003). Plaintiffs do not plead that Skywork sold Plaintiffs' actual recordings as Skywork's goods, labeled Mureka outputs as Plaintiffs' releases, or used Plaintiffs' names or logos as source designations. Compl. ¶¶ 42, 52. Count XIII should be dismissed.

**D.    Count XIV Should Be Dismissed Because Unjust Enrichment Is Derivative and the Complaint Pleads No Skywork-Specific Retained Benefit.**

Unjust enrichment is not a free-standing fallback for deficient statutory claims and "will stand or fall with the related claim." *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011); *Horist v. Sudler & Co.*, 941 F.3d 274, 281 (7th Cir. 2019) ("Unjust enrichment is not a separate cause of action under Illinois law."). Count XIV pleads unjustness through three predicates: DMCA CMI removal or alteration, BIPA voiceprint violations, and IRPA identity appropriation. Compl. ¶¶ 325, 328-29. Those predicates fail against Skywork for the reasons above. Count XIV also pleads benefits collectively against "Defendants," including avoided licensing costs, model improvements, subscription revenue, API revenue, and market displacement. Compl. ¶¶ 323-31. It pleads no Skywork-specific benefit retained at a named Plaintiff's expense through a non-preempted wrong. *See infra* Section III.B. Count XIV should be dismissed.

**III.    THE COPYRIGHT ACT PREEMPTS STATE-LAW CLAIMS THAT MERELY REPACKAGE COPYRIGHT ALLEGATIONS.**

**A.    Section 301 Bars State-Law Rights Equivalent to the Copyright Act's Exclusive Rights.**

Section 301 preempts state-law rights in works within copyright's subject matter when the asserted right is equivalent to one of § 106's exclusive rights. 17 U.S.C. § 301(a). The Seventh Circuit asks whether the work is fixed and within copyright's subject matter, and whether the asserted state-law right is equivalent to a copyright right. *Seng-Tiong Ho v. Taflove*, 648 F.3d 489, 500 (7th Cir. 2011) (stating the Seventh Circuit's two-part § 301 test). A claim avoids preemption

22

only if it regulates conduct "qualitatively distinguishable" from "reproduction, adaptation, publication, performance, and display." *Seng-Tiong Ho*, 648 F.3d at 501 (quoting *Toney v. L'Oreal USA, Inc.*, 406 F.3d 905, 910 (7th Cir. 2005)).

The works at issue are fixed sound recordings, musical works, lyrics, and alleged outputs. Compl. ¶¶ 3-7, 14-41, 165-222. Plaintiffs' state-law theories seek to regulate copying, ingestion, training, output derivation, licensing displacement, and market substitution. Those are copyright-equivalent rights, not qualitatively different wrongs.

**B.      The IRPA, UDTPA, and Unjust-Enrichment Claims Are Preempted to the Extent They Target Copying, Ingestion, Training, Output Substitution, Licensing or Displacement, or Reverse Passing Off.**

The IRPA claim is preempted to the extent it is based on fixed recordings rather than a persona use separate from those recordings. A true identity claim can avoid preemption because "[a] person's likeness—her persona—is not authored and it is not fixed." *Toney*, 406 F.3d at 910. But Count XII pleads no public persona use by Skywork separate from allegedly copied sound recordings embodying voices. Compl. ¶ 300. On that pleaded basis, it seeks to control reproduction, modeling, adaptation, and output generation from fixed copyrighted recordings. Courts preempt right-of-publicity claims "when the entirety of the allegedly misappropriated vocal performance is contained within a copyrighted medium." *Laws v. Sony Music Ent., Inc.*, 448 F.3d 1134, 1141 (9th Cir. 2006); *see also Balt. Orioles, Inc. v. Major League Baseball Players Ass'n*, 805 F.2d 663, 674 (7th Cir. 1986) (holding that the baseball players' publicity rights were preempted by their copyrighted game telecasts).

The UDTPA and unjust-enrichment claims are preempted to the same extent. Count XIII pleads unauthorized copying, provenance deception, output derivation, false clearance, licensing displacement, and reverse passing off of copyrighted works. Compl. ¶ 314. Fraud-based claims are preempted when they amount to passing off copyrighted works. *Seng-Tiong Ho*, 648 F.3d at 502–

03; *see also Carter v. Pallante*, 256 F. Supp. 3d 791, 803–805 (N.D. Ill. 2017) (preempting reverse passing off claim and unjust enrichment claim based on copyrighted works); *CustomGuide v. CareerBuilder, LLC*, 813 F. Supp. 2d 990, 998, 1003 (N.D. Ill. 2011) (preempting UDTPA claim and unjust enrichment claim based on copyrighted works). Count XIV seeks restitution for Skywork's allegedly avoided costs and unjust revenue solely based on Plaintiffs' copyrighted works. Compl. ¶¶ 323-31. Those benefits flow from rights equivalent to § 106 and cannot be recovered through state-law restitution.

## IV. PLAINTIFFS' UNDIFFERENTIATED "DEFENDANTS" ALLEGATIONS DO NOT GIVE SKYWORK FAIR NOTICE UNDER RULE 8.

The Complaint should also be dismissed to the extent it rests on undifferentiated allegations against "Defendants." Rule 8 permits collective references when context supplies each defendant's role, but it still requires facts showing why the moving defendant is liable. A complaint must plead more than "labels and conclusions" or a "formulaic recitation" of elements. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Courts accept well-pleaded facts, not legal conclusions or element recitals. *McCauley*, 671 F.3d at 616. "Liability is personal," and "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013).

Plaintiffs do not give Skywork that notice. The Complaint involves Kunlun, Skywork, Unknown Defendants, users, service providers, data sources, and other third parties. Yet the elements are pleaded mostly against "Defendants." Compl. ¶¶ 42, 46, 79, 88-91, 100-09, 172, 182, 185, 195, 228, 238-41, 260-78, 282, 286, 290-94, 300-20, 323-31. That matters because building a model, collecting data, generating outputs, marketing a platform, receiving revenue, removing CMI, capturing biometrics, exploiting identity, and making public statements are different acts by potentially different actors. The Complaint never pleads facts showing what Skywork itself did to

satisfy each claim-specific element.

This is not a demand for evidence before discovery. It is the minimum required to plead a plausible claim. In *Brooks*, the Seventh Circuit rejected a paragraph that was "merely a formulaic recitation of the cause of action and nothing more" because it did not tell the defendants "what exactly they might have done." *Brooks*, 578 F.3d at 582. In *Yeftich*, the court rejected allegations that lacked "at least some background factual content" and remained "wholly conclusory." *Yeftich*, 722 F.3d at 917.

The same defect runs through the claims. The copyright and DMCA counts do not plead Skywork's own role in data acquisition, model training, outputs, or CMI. Compl. ¶¶ 79, 88-91, 100-09, 172, 182, 185, 195, 228, 238-41. The secondary-liability counts do not plead a defendant-specific basis for inducement, supervision, control, or financial benefit. Compl. ¶¶ 260-78. The BIPA, IRPA, UDTPA, and unjust-enrichment counts repeat the same move for biometric capture, identity use, promotion, and retained benefits. Compl. ¶¶ 282, 286, 290-94, 300-20, 323-31. Plaintiffs' allegation that Skywork owns, controls, and operates Mureka "directly or through its parents and affiliates" does not supply missing elements for every claim. Compl. ¶ 42. The Court should dismiss claims resting on undifferentiated group pleading, or, at a minimum, require any amended complaint to plead defendant-specific facts for each claim against Skywork.

## V. THE COMPLAINT SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(2) BECAUSE PLAINTIFFS DO NOT PLEAD CLAIM-RELATED ILLINOIS CONTACTS BY SKYWORK.

Plaintiffs do not plead general jurisdiction over Skywork, and they fail to plead specific jurisdiction. Specific jurisdiction requires purposeful direction at the forum and injuries that arise out of or relate to those forum contacts. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985). The contacts must be created by the defendant itself. *Walden v. Fiore*, 571 U.S. 277, 284–86 (2014). The proper question is whether the defendant's conduct connects it to the forum in a

meaningful way, not where the plaintiff experienced injury. *Walden*, 571 U.S. at 290. A website accessible in Illinois is not enough to confer personal jurisdiction. *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.*, 623 F.3d 440, 446 (7th Cir. 2010). Once Skywork challenges jurisdiction, "the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Purdue Rsch. Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).

The Complaint alleges only ordinary platform availability and user activity. The Complaint alleges that Skywork is a Singapore company with its registered office and principal place of business in Singapore, and the Declaration of Chienhung Liu in Support of Defendant Skywork AI Pte. Ltd.'s Motion to Dismiss Complaint for Lack of Personal Jurisdiction ("Liu Decl."), attached as Exhibit A, confirms that Skywork is a Singapore company. Compl. ¶ 42; Liu Decl. ¶ 3. Plaintiffs allege that Mureka is globally available; that Illinois users can access it, open accounts, buy subscriptions, upload materials, download outputs, and generate usage data; and that Defendants track location and market to U.S. users. Compl. ¶¶ 46(a)-(q), 47. Those allegations do not show that Skywork targeted Illinois as Illinois. Specific jurisdiction requires defendant-specific forum contacts, not allegations that affiliated entities or a corporate group served a broad U.S. market. *See Mobile Anesthesiologists*, 623 F.3d at 444; *Burger King*, 471 U.S. at 472–73; *Purdue*, 338 F.3d at 784. Illinois users, Illinois plaintiffs, alleged Illinois injuries, and access to the same platform available elsewhere do not make it reasonable to require Skywork to answer in Illinois. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945).

The copyright and DMCA claims lack a claim-related Illinois nexus. No Mureka model training, fine-tuning, or training-data storage occurred in Illinois, and Skywork did not copy, ingest, use for training, use for fine-tuning, or store in any training corpus any Plaintiff work in Illinois. Liu Decl. ¶¶ 4, 6. Nor did Skywork do any of those Plaintiff-work acts through any network

26

endpoint, including mureka.ai, or any other United States infrastructure. Liu Decl. ¶ 7. Uploads, prompts, reference audio, and outputs of Mureka's U.S. users are not used as training data, and Mureka users' data stored in the United States consists of inference-side account and usage data, not training data. Liu Decl. ¶¶ 8–9. Those facts defeat a claim-related Illinois nexus for the training-centered copyright and DMCA counts.

The BIPA claim fares no better. Skywork is not aware of any record that any named Plaintiff uploaded voice data, reference audio, or vocal samples to Mureka from Illinois. Liu Decl. ¶ 10. Skywork did not collect, capture, purchase, receive, possess, sell, lease, trade, disclose, or disseminate any alleged voiceprint or biometric information of any named Plaintiff in Illinois. Liu Decl. ¶ 11. Nor does Mureka use user-uploaded reference audio or outputs to create training data, model weights, or biometric repositories. Liu Decl. ¶ 12. The pleading does not tie the asserted injury to Skywork's suit-related Illinois conduct.

The IRPA, UDTPA, and unjust-enrichment claims likewise lack claim-related Illinois contacts attributable to Skywork. Skywork is not aware of any record that any named Plaintiff, while in Illinois, viewed, relied on, made a purchase because of, or was confused by any Mureka marketing statement. Liu Decl. ¶ 13. Skywork is not aware of any record that any named Plaintiff, while in Illinois, created a Mureka account, purchased a subscription, used the API, generated or downloaded an output, or entered into a Mureka transaction. Liu Decl. ¶ 14. Nor did Skywork use any named Plaintiff's name, image, voice, likeness, vocal identity, or asserted work in Illinois marketing, Illinois advertisements, Illinois user interfaces, Illinois subscription sales, Illinois API sales, or any Illinois customer transaction. Liu Decl. ¶ 15.

Rule 4(k)(2) does not save the federal claims. It aggregates national contacts for federal-law claims, but it does not relax due process. *Abelesz v. OTP Bank*, 692 F.3d 638, 660 (7th Cir. 2012)

27

(holding that Rule 4(k)(2) does not eliminate the due process requirement). No Mureka model training, fine-tuning, or training-data storage occurred in the United States. Liu Decl. ¶ 5. Skywork also did not copy, ingest, use for training, use for fine-tuning, or store in any training corpus any Plaintiff work through any network endpoint (including mureka.ai) or any other United States infrastructure. Liu Decl. ¶ 7. Plaintiffs plead platform availability, not claim-related forum conduct by Skywork. The claims against Skywork should be dismissed under Rule 12(b)(2).[2]

## VI. ALTERNATIVELY, PLAINTIFFS MUST PROVIDE A MORE DEFINITE STATEMENT UNDER FED. R. CIV. P. 12(E).

Alternatively, the Court should require a more definite statement. Rule 12(e) applies when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). It is appropriate where a defendant cannot determine which plaintiff asserts which claim, on which facts, and against which defendant. *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017) (affirming a court order granting Rule 12(e) relief and requiring the plaintiff to provide additional details). That is the fallback problem here. The Complaint spans 137 pages, 14 counts, 88 listed works, multiple copyright categories, multiple named plaintiffs, classes and subclasses, several nonparty actor categories, and collective allegations against "Defendants." If the Court does not dismiss, Plaintiffs should be required to state, for each claim, which Plaintiff asserts it, which work or right is at issue, whether the work has been registered or its registration application has been refused, which statutory act is alleged, and what conduct by Skywork supports the claim.

## CONCLUSION

---

[2] If Rule 4(k)(2) supplies the only jurisdictional basis, the state-law claims still should be dismissed for lack of pendent personal jurisdiction because they do not arise from the same "common nucleus of facts" as the federal claims. *See Doe v. Cotterman*, No. 17 C 58, 2018 WL 1235014, at *5 (N.D. Ill. Mar. 9, 2018) (allowing pendent personal jurisdiction only for claims sharing a common factual nucleus).

The Court should dismiss the claims against Skywork under Rules 12(b)(1), 12(b)(2), and 12(b)(6), as applicable. Alternatively, the Court should require Plaintiffs to provide a more definite statement under Rule 12(e).

DATED: July 13, 2026

Respectfully submitted,

**KING & WOOD LLP**

By:    /s/ J. Benjamin Bai
J. Benjamin Bai
Texas Bar No. 24001675
benjamin.bai@cn.kingandwood.com
600 5th Ave, 27th Floor
New York, NY 10020
Tel.: (212) 319-4755
Fax: (917) 591-8167

**KING & WOOD**
Haolu Feng
D.C. Bar No. 90001026
harry.feng@cn.kingandwood.com
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031, China
Tel.: +86 21 2352 6585
Fax: +86 21 2412 6150

*Attorneys for Defendant*
*SKYWORK AI PTE. LTD.*

29