**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ATTACK THE SOUND LLC, an Illinois limited liability company, DAVID WOULARD, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KUNLUN TECH CO., LTD, SKYWORK AI PTE.LTD, and UNKNOWN DEFENDANTS,

Defendants.

Civil Action No. 1:25-cv-15354

**DECLARATION OF CHIENHUNG LIU IN SUPPORT OF DEFENDANT SKYWORK AI PTE. LTD.'S MOTION TO DISMISS COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Judge: Hon. Joan B. Gottschall
Magistrate Judge: Hon. Keri L. Holleb Hotaling

I, ChienHung Liu, declare as follows:

1. I am the GenAI Music Tech Lead of Defendant Skywork AI Pte. Ltd. ("Skywork"). I am over the age of 18 and am fully competent to make this declaration. I have personal knowledge of the facts stated in this declaration and could and would testify to them if called as a witness.
2. I submit this declaration in support of Skywork's Motion to Dismiss for lack of personal jurisdiction. The facts set forth herein are based on my best personal knowledge and my review of Skywork's corporate records kept in the ordinary course of business.
3. Skywork is a Singapore company. Skywork's direct parent corporation is Skywork AI Inc., a Cayman company. Kunlun Tech Co., Ltd. indirectly owns an interest in Skywork through intermediate holding companies.

4. No Mureka model training, fine-tuning, or training-data storage occurred in Illinois.
5. No Mureka model training, fine-tuning, or training-data storage occurred in the United States.
6. Skywork did not copy, ingest, use for training, use for fine-tuning, or store in any training corpus of any Plaintiffs' work in Illinois.
7. Skywork did not copy, ingest, use for training, use for fine-tuning, or store in any training corpus of any Plaintiffs' work through any network endpoint (including mureka.ai) or any other United States infrastructure.
8. Uploads, prompts, reference audio, and outputs of Mureka's U.S. users are not used as training data.
9. Mureka users' data stored in the United States consists of inference-side account and usage data, not training data.
10. Skywork is not aware of any record that any named Plaintiff uploaded voice data, reference audio, or vocal samples to Mureka from Illinois.
11. Skywork did not collect, capture, purchase, receive, possess, sell, lease, trade, disclose, or disseminate any voiceprint or biometric information of any named Plaintiff in Illinois.
12. Mureka does not use user-uploaded reference audio or outputs to create training data, model weights, or biometric repositories.
13. Skywork is not aware of any record that any named Plaintiff viewed, relied on, purchased because of, or was confused by any Mureka marketing statement while in Illinois.
14. Skywork is not aware of any record that any named Plaintiff created a Mureka account, purchased a subscription, used the API, generated an output, downloaded an output, or entered into a Mureka transaction while in Illinois.

15. Skywork did not used any named Plaintiff's name, image, voice, likeness, vocal identity, or asserted work in Illinois marketing, Illinois advertisements, Illinois user interfaces, Illinois subscription sales, Illinois API sales, or any Illinois customer transaction.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 10th day of July, 2026, in Beijing, China.

Chien-Hung Liu