**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ATTACK THE SOUND LLC, an Illinois limited liability company, DAVID WOULARD, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KUNLUN TECH CO., LTD., SKYWORK AI PTE. LTD., and UNKNOWN DEFENDANTS,

Defendants.

Civil Action No. 1:25-cv-15354

**DEFENDANT KUNLUN TECH CO., LTD.'S MOTION TO DISMISS THE COMPLAINT**

Judge: Hon. Joan B. Gottschall
Magistrate Judge: Hon. Keri L. Holleb Hotaling

Defendant Kunlun Tech Co., Ltd. ("Kunlun") respectfully moves to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), and 12(b)(6). The Complaint also fails to satisfy Rule 8(a). In support, Kunlun submits the accompanying memorandum of law and states as follows:

1. Plaintiffs fail to plead personal jurisdiction over Kunlun. Kunlun is a company incorporated in the People's Republic of China with its principal place of business in Beijing. The Complaint fails to plead that Kunlun has sufficient claim-related contacts with Illinois to support specific jurisdiction.
2. Plaintiffs also fail to plead jurisdiction over Kunlun under Rule 4(k)(2). Expanding the relevant forum from Illinois to the United States does not cure the Complaint's failure to plead any conduct by Kunlun purposefully directed at the United States.

3. Plaintiffs' allegations center on Mureka, which the Complaint alleges is developed and operated by Skywork AI Pte. Ltd. ("Skywork"), not Kunlun. The Complaint fails to plead that Kunlun operates Mureka in the United States, operates the mureka.ai website, publishes the Mureka applications, operates the Mureka API platform, operates Melodio in the United States, or controls the accused service.
4. Plaintiffs cannot establish jurisdiction over Kunlun by attributing Skywork's alleged contacts to Kunlun. A parent-subsidiary relationship, without more, does not create personal jurisdiction over the parent, and the Complaint does not plead facts showing that Skywork is Kunlun's alter ego, that the corporate veil should be pierced, or that Skywork acted as Kunlun's agent.
5. The Complaint also relies on undifferentiated allegations against "Defendants," even though it attributes conduct to numerous distinct actors, including Kunlun, Skywork, Unknown Defendants, users, service providers, data sources, and other third parties. That pleading does not give Kunlun fair notice of the Kunlun-specific conduct alleged to support either personal jurisdiction or any asserted claim.
6. Even if the Court accepts Plaintiffs' group pleading and treats the conduct attributed generally to "Defendants" as applying to Kunlun, Plaintiffs' claims against Kunlun should still be dismissed under Rules 12(b)(1) and 12(b)(6). In that event, Plaintiffs' allegations against Kunlun would be coextensive with and undifferentiated from the allegations against Skywork. The substantive defects identified in Skywork's motion to dismiss therefore apply equally to Kunlun. *See* ECF No. 24.

Kunlun respectfully asks the Court to dismiss all claims against it.

DATED: July 14, 2026

Respectfully submitted,

**KING & WOOD LLP**

By: */s/* J. Benjamin Bai
J. Benjamin Bai
Texas Bar No. 24001675
benjamin.bai@cn.kingandwood.com
600 5th Ave, 27th Floor
New York, NY 10020
Tel.: (212) 319-4755
Fax: (917) 591-8167

**KING & WOOD**
Haolu Feng
D.C. Bar No. 90001026
harry.feng@cn.kingandwood.com
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031, China
Tel.: +86 21 2352 6585
Fax: +86 21 2412 6150

*Attorneys for Defendant*
*KUNLUN TECH CO., LTD.*