# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ATTACK THE SOUND LLC, an Illinois limited liability company, DAVID WOULARD, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KUNLUN TECH CO., LTD., SKYWORK AI PTE. LTD., and UNKNOWN DEFENDANTS,<br><br>Defendants. | Civil Action No. 1:25-cv-15354<br><br>**MEMORANDUM OF LAW SUPPORTING DEFENDANT KUNLUN TECH CO., LTD.'S MOTION TO DISMISS THE COMPLAINT**<br><br>Judge: Hon. Joan B. Gottschall<br>Magistrate Judge: Hon. Keri L. Holleb Hotaling |

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................... 1

FACTUAL BACKGROUND ............................................................................................. 1

ARGUMENT .................................................................................................................... 2

I. THIS COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT UNDER FED. R. CIV. P. 12(B)(2)

    FOR LACK OF PERSONAL JURISDICTION. ................................................................. 2

    A. The Court Does Not Have Specific Personal Jurisdiction over Kunlun.................... 3

    B. Kunlun Is Not Subject to Jurisdiction under Rule 4(k)(2) Because It Has No

        National Contacts. ....................................................................................... 6

II. IN THE EVENT THAT THE COURT SHOULD FIND PERSONAL JURISDICTION, THE CLAIMS

    AGAINST KUNLUN SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(1) AND 12(B)(6). 8

    A. The Complaint's Undifferentiated "Defendants" Allegations Fail to Give Kunlun

        Fair Notice of Its Own Alleged Conduct and Do Not Satisfy Rule 8(a) as to

        Kunlun. ....................................................................................................... 9

    B. The Arguments Advanced in Defendant Skywork's Motion to Dismiss Are

        Incorporated by Reference and Apply with Equal Force to Kunlun. .................... 10

CONCLUSION................................................................................................................ 10

## TABLE OF AUTHORITIES

**Case**

*Alipourian Frascogna v. Etihad Airways*, No. 21-cv-0001, 2022 WL 847559, at \*2 (N.D. Ill. Mar. 22, 2022) ................................................................................................................. 3

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) .................................................................... 9

*Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013) ..................................... 9

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) .................................................... 9

*Brooks v. Ross*, 578 F.3d 574, 581–82 (7th Cir. 2009) .................................................... 9

*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985) ..................................... 3

*Calder v. Jones,* 465 U.S. 783, 790 (1984) ...................................................................... 1

*Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000) ............................................................................................... 3, 7, 8

*Doe v. Cotterman*, No. 17 C 58, 2018 WL 1235014, at \*5 (N.D. Ill. Mar. 9, 2018) ...................... 7

*Drake v. Ocwen Financial Corp.*, No. 09-C-6114, 2010 WL 1910337, at \*2 (N.D. Ill. May 6, 2010) ................................................................................................................. 3

*GC2 Inc. v. Int'l Game Tech. PLC*, 2017 WL 2985741, at \*9 (N.D. Ill. 2017) .............................. 6

*Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 921 (2011) ............................ 3

*Gruca v. Alpha Therapeutic Corp.*, 19 F. Supp. 2d 862, 865 (N.D. Ill. 1998) (Gottschall, J.) .. 5, 6

*Howell v. Bumble, Inc.*, 2023 WL 6126492, at \*13 (N.D. Ill. 2023) ............................................ 6

*IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998) ........................ 6

*Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945) ............................................................ 4

*ISI Int'l., Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001) ........................ 7

*Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.,* 623 F.3d

440, 444 (7th Cir. 2010)..................................................................................................... 3

*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003).......... 3, 4

*Rains v. PPG Indus., Inc.*, 359 F. Supp. 2d 720, 724 (S.D. Ill. 2004) ............................................ 4

*Roe-Midgett v. CC Servs., Inc.*, 512 F.3d 865, 876 (7th Cir. 2008)................................................ 5

*Sotelo v. DirectRevenue, LLC*, 384 F. Supp. 2d 1219, 1226 (N.D. Ill. 2005) ................................ 5

*Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987)....................................................................... 3

*Wang v. PDD Holdings, Inc.*, No. 23-CV-04760, 2024 WL 3177892, at *2 (N.D. Ill. June 26,

2024) .................................................................................................................................... 5

**Rules**

Fed. R. Civ. P. 12(b)(1)............................................................................................. 1, 8, 10

Fed. R. Civ. P. 12(b)(2)................................................................................................. 2, 8

Fed. R. Civ. P. 12(b)(6)............................................................................................. 1, 8, 10

Fed. R. Civ. P. 4(k)(2)................................................................................................ 6, 7, 8

Fed. R. Civ. P. 8(a) ...................................................................................................... 8, 9

**INTRODUCTION**

The Court should dismiss Kunlun for lack of personal jurisdiction because it has no suit-related contacts with the United States. For purposes of personal jurisdiction, "[e]ach defendant's contacts with the forum state must be assessed individually." *Calder v. Jones,* 465 U.S. 783, 790 (1984). Plaintiffs attempt to circumvent this cornerstone principle by lumping together the conduct alleged against Skywork and Kunlun under the generic label "Defendants" and by failing to allege any meaningful contacts between Kunlun and Illinois or the United States. Such gamesmanship has no place in federal courts.

Skywork has filed a Motion to Dismiss detailing the substantive legal deficiencies in Plaintiffs' claims. *See* ECF No. 24. Because Plaintiffs' allegations against Kunlun are coextensive with, and undifferentiated from, the allegations against Skywork, any substantive defects in Plaintiffs' claims regarding the operation of the accused service apply equally to Kunlun. These defects provide additional reasons that the claims against Kunlun should be dismissed under Rules 12(b)(1) and 12(b)(6).

**FACTUAL BACKGROUND**

Kunlun is a company incorporated in the People's Republic of China, with its principal place of business in Beijing. Kunlun has no suit-related connection to Illinois and has no offices or property in Illinois.

The Complaint alleges only one Kunlun-specific contact: Kunlun "has publicly released a research paper." Dkt. No. 1 ("Compl.") ¶¶ 89–92. Note that Plaintiffs do not allege that Mureka, the accused AI model in this case, is ever mentioned in or otherwise related to the paper. It is difficult to decipher how this paper is related to this case at all. Contrary to Plaintiffs' unsupported allegation in Compl. ¶ 94, Kunlun has never downloaded recordings from YouTube to populate

1

its training datasets. Declaration of Lam, Wing Yip in Support of Defendant Kunlun Tech Co., Ltd.'s Motion to Dismiss the Complaint for Lack of Personal Jurisdiction ("Lam Decl.") ¶ 12.

Every other allegation in the Complaint concerns Skywork, not Kunlun. The accusations in Plaintiffs' Complaint center on Mureka, "an AI music creation platform developed and operated by *SKYWORK AI PTE. LTD*." Compl. ¶ 52 (emphasis added). Plaintiffs further allege that Mureka is offered through the following channels: a web interface (mureka.ai), an API platform at platform.mureka.ai, a music-streaming application called Melodio, and mobile applications distributed through major app stores (collectively, the "Mureka AI Service"). None of these channels indicates that Kunlun offers the Mureka AI Service:

- Public WHOIS database records show that the domain name "mureka.ai" is registered through the domain registrar GoDaddy. Compl. ¶ 46(y). Kunlun did not register and does not own, operate, host, manage, or control the domain name "mureka.ai." Lam Decl. ¶ 7.

- Mureka's API Service Agreement and API Platform Privacy Policy identify SKYWORK AI PTE. LTD. as the contracting entity. Compl. ¶ 69.

- Kunlun does not operate the Melodio app in the United States. Lam Decl. ¶ 11.

- Mureka mobile applications are currently available in the Apple App Store and the Google Play Store. Both listings identify SKYWORK AI PTE. LTD. as the publisher. Compl. ¶ 57.

## **ARGUMENT**

### I. THIS COURT SHOULD DISMISS PLAINTIFFS' COMPLAINT UNDER FED. R. CIV. P. 12(B)(2) FOR LACK OF PERSONAL JURISDICTION.

"Personal jurisdiction can be general or specific, depending on the extent of the defendant's contacts." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Hous. Metroplex, P.A.,* 623 F.3d 440, 444 (7th Cir. 2010). Here, Plaintiffs do not allege general personal jurisdiction over

Kunlun. Kunlun is not incorporated in Illinois, nor does it maintain its principal place of business in Illinois; therefore, no credible case of general jurisdiction over Kunlun can be made. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 921 (2011).

"Once the defendant moves to dismiss the complaint for lack of personal jurisdiction, [] the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Alipourian Frascogna v. Etihad Airways*, No. 21-cv-0001, 2022 WL 847559, at *2 (N.D. Ill. Mar. 22, 2022) (citing *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir. 2000)) (other citation omitted) (dismissing complaint for lack of personal jurisdiction); *see also Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003); *Drake v. Ocwen Financial Corp.*, No. 09-C-6114, 2010 WL 1910337, at *2 (N.D. Ill. May 6, 2010) (stating that "[p]laintiff has the burden of establishing a prima facie case of personal jurisdiction"). "When determining whether the plaintiff has met the burden of establishing a prima facie case of [personal] jurisdiction, this Court must take jurisdictional allegations in the Complaint as true, unless controverted by the defendant." *Drake*, 2010 WL 1910337, at *2. When making this assessment, the "court can look to affidavits and exhibits submitted by each party." *Id.* (citing *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987)).

## A. The Court Does Not Have Specific Personal Jurisdiction over Kunlun.

Plaintiffs do not and cannot plead facts to establish specific personal jurisdiction. Specific jurisdiction arises only where "the defendant purposefully directs its activities at the forum state and the alleged injury arises out of those activities." *Mobile Anesthesiologists Chi.*, 623 F.3d at 444; *accord Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985) (explaining that, to establish specific jurisdiction, the defendant must have "purposefully directed his activities at residents of the forum," and "the litigation [must] result[] from alleged injuries that 'arise out of

or relate to' those activities") (citation omitted). As noted above, Plaintiffs must show that each defendant's individual contacts with the forum are sufficient to meet this test. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.,* 338 F.3d 773, 784 (7th Cir. 2003); *Rains v. PPG Indus., Inc.*, 359 F. Supp. 2d 720, 724 (S.D. Ill. 2004) ("Rains' submissions to the Court establish, at most, that companies affiliated with Imperial do business in Illinois. Yet this is not enough for Rains to make a prima facie case for personal jurisdiction."). While the type of activity giving rise to specific jurisdiction can take different forms, the Supreme Court has made clear that the contacts must be sufficient to render it fair and "reasonable" to call the defendant into the state's courts to answer Plaintiffs' claims. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 317 (1945).

Here, Plaintiffs have not pled any facts to establish specific jurisdiction over Kunlun. As the Complaint itself points out, "Mureka is an AI music creation platform developed and operated by SKYWORK AI PTE. LTD." Compl. ¶ 52. This statement is self-defeating for personal jurisdiction over Kunlun. Kunlun has no presence in the United States. Lam Decl. ¶ 4. It does not own any U.S. consumer-facing product or service, distribute U.S. applications to end users, or bear responsibility for U.S. commercial sales, licensing, or marketing. *Id.* ¶ 5. It does not own or distribute Mureka through the U.S. Apple App Store or Google Play Store. *Id.* ¶ 6. Kunlun did not register and does not own, operate, host, manage, or control mureka.ai, and it does not own any consumer-facing website directed at U.S. users. *Id.* ¶ 7. It does not process, receive, or collect payments from U.S.-located Mureka AI users. *Id.* ¶ 8. Plaintiffs have not pleaded facts showing that Kunlun operates or controls Mureka in the United States.

Plaintiffs allege that Defendants distribute Mureka through the Apple App Store and Google Play Store. But Plaintiffs later admit that "Mureka's app-store listings identify SKYWORK AI PTE. LTD. as the publisher," not Kunlun. Compl. ¶ 47. Kunlun appears on neither listing.

4

Nor does Kunlun own any office or property in Illinois. Lam Decl. ¶ 10. Skywork, maintaining its own financial independence (Lam Decl. ¶ 13), operates Mureka. Skywork is an indirect subsidiary of Kunlun. Lam Decl. ¶ 3. A mere parent-subsidiary relationship is not enough to confer personal jurisdiction. *See Sotelo v. DirectRevenue, LLC*, 384 F. Supp. 2d 1219, 1226 (N.D. Ill. 2005). It is unreasonable for Kunlun to foresee the possibility of being haled into courts in Illinois, and the Complaint identifies no Illinois conduct by Kunlun itself that allegedly caused Plaintiffs' injuries.

Plaintiffs, through a collective "Defendants" label, attempt to attribute alleged jurisdictional contacts to that label without identifying which entity did what. Compl. ¶ 46(a)–(y). For example, Plaintiffs allege that "Defendants" collect payments (*id.* ¶ 46(g)), distribute the Mureka application in the Apple App Store and the Google Play Store (*id.* ¶ 46(b)), register a domain through GoDaddy (*id.* ¶ 46(y)), and distribute allegedly infringing content to U.S. subscribers (*id.* ¶ 46(r)).

Generally speaking, "jurisdiction over a subsidiary is not sufficient to confer jurisdiction over an out-of-state parent." *Gruca v. Alpha Therapeutic Corp.*, 19 F. Supp. 2d 862, 865 (N.D. Ill. 1998) (Gottschall, J.). One entity's contacts with a forum cannot establish another entity's contacts with that forum absent proof of an alter ego or agency relationship. *See id.* at 866. Plaintiffs have waived any argument for jurisdiction over Kunlun based on attributed contacts by failing to assert that argument in the Complaint. *See Wang v. PDD Holdings, Inc.*, No. 23-CV-04760, 2024 WL 3177892, at *2 (N.D. Ill. June 26, 2024) (citing *Roe-Midgett v. CC Servs., Inc.*, 512 F.3d 865, 876 (7th Cir. 2008) (undeveloped argument constitutes waiver)). Although the Complaint briefly notes both that public materials describe Skywork AI as "backed by Kunlun Tech" and that Kunlun describes Skywork AI as its "controlled AI subsidiary," Compl. ¶¶ 52, 69, those passing references are insufficient to provide fair notice to Kunlun.

However, even assuming arguendo that those isolated statements could be read to allege that Skywork's contacts should be attributed to Kunlun, Plaintiffs' argument remains fundamentally flawed. Courts recognize that a general acknowledgment of affiliation merely reflects factual corporate ownership and is insufficient to prove the parent exercises the substantial legal control required to disregard corporate separateness. *See, e.g., GC2 Inc. v. Int'l Game Tech. PLC*, 2017 WL 2985741, at *9 (N.D. Ill. 2017) (finding that a parent's use of "we" and "our" in a 20-F report to the SEC "is too thin a reed to support an inference that the parent exerts an unusually high degree of control over its subsidiaries"); *Gruca*, 19 F. Supp. 2d at 867–68 (finding that a parent corporation's usage of "our key overseas operation," "our efforts," and "our marketing position" in an annual report is consistent with a parent and its subsidiaries maintaining separate identities).

Kunlun's alleged statements are not inconsistent with a typical parent-subsidiary relationship in which the parent "necessarily control[s], direct[s], and supervise[s]" the subsidiary to some extent. *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998). Although Kunlun's consolidated financial reports encompass Skywork, Skywork maintains separate accounting records and bank accounts. Lam Decl. ¶ 13. Without evidence that Kunlun participates in the active operation of the business, "it may not be reasonable to infer that holding companies as opposed to their subsidiaries are conducting actual business." *Howell v. Bumble, Inc.*, 2023 WL 6126492, at *13 (N.D. Ill. 2023).

Once the collective allegations against Skywork are disregarded, the Complaint identifies no forum contacts by Kunlun. Accordingly, Plaintiffs have failed to meet their burden of establishing specific personal jurisdiction over Defendant Kunlun.

**B.     Kunlun Is Not Subject to Jurisdiction under Rule 4(k)(2) Because It Has No National Contacts.**

Alternatively, Plaintiffs argue that jurisdiction exists under Rule 4(k)(2). "For a claim that

arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Fed. R. Civ. P. 4(k)(2). For Rule 4(k)(2) to apply, four conditions must be met: "(1) the Plaintiffs' claims must be based on federal law; (2) no state court could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction must be consistent with the laws of the United States; and (4) the exercise of jurisdiction must be consistent with the Constitution." *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000). Defendants seeking to preclude the application of Rule 4(k)(2) need only name another state where jurisdiction would be proper. *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001).

Plaintiffs' Counts I–X are based on federal law, so the first requirement is met.[1] As to the second, Kunlun has not stated where jurisdiction would be proper. Therefore, under the due process standard described above, this Court may apply Rule 4(k)(2) if the exercise of jurisdiction would be consistent with the laws and Constitution of the United States. For this inquiry, however, the forum considered is the entire United States.

Because the due process framework is identical, the fatal flaws in Plaintiffs' specific jurisdiction allegations apply with equal force to Rule 4(k)(2). Plaintiffs' failure to establish jurisdiction is a defect of plausibility, not geography.

---

[1] Should this Court find that the only basis for exercising personal jurisdiction is Rule 4(k)(2), Plaintiffs' state-law claims should be dismissed for lack of pendent personal jurisdiction because they do not "arise out of a common nucleus of facts" as the federal claims. *See Doe v. Cotterman*, No. 17 C 58, 2018 WL 1235014, at *5 (N.D. Ill. Mar. 9, 2018) ("Under the doctrine of pendent personal jurisdiction, a court may exercise its discretion to hear claims as to which personal jurisdiction may otherwise be lacking if those claims arise out of a common nucleus of facts with claims as to which personal jurisdiction exists." (internal quotation marks omitted)).

First, Plaintiffs' improper group pleading fails to establish that Kunlun has minimum contacts with the United States. As explained in Section I.A above, Plaintiffs improperly rely on the collective term "Defendants," lumping Kunlun and Skywork together without identifying any specific conduct committed by Kunlun itself. The Fifth Amendment's Due Process Clause, like the Fourteenth Amendment's, also requires jurisdiction to be assessed individually. *See Central States*, 230 F.3d at 943. Expanding the geographic scope of the inquiry from Illinois to the entire United States does not cure Plaintiffs' failure to plead what, if anything, Kunlun did to purposefully avail itself of the U.S. forum.

Second, Skywork's operation of the accused service cannot be imputed to Kunlun under Rule 4(k)(2). As presented above, Kunlun does not operate the accused service; its subsidiary, Skywork, does. It is a bedrock principle of corporate law that a parent corporation is not subject to personal jurisdiction simply because its subsidiary has contacts with the forum. *See id.* Plaintiffs fail to plead facts that Kunlun was the alter ego of Skywork, controlled Skywork to the degree necessary to pierce the corporate veil, or exerted substantial control over Skywork's day-to-day activities. *See id.* at 939. No written or oral agency agreement exists between Kunlun and Skywork, and Skywork has no authority to act on Kunlun's behalf, bind Kunlun to contracts, or consent to jurisdiction on Kunlun's behalf. Lam Decl. ¶ 9. Consequently, Kunlun's contacts with the United States regarding the accused service are essentially nonexistent.

## II. IN THE EVENT THAT THE COURT SHOULD FIND PERSONAL JURISDICTION, THE CLAIMS AGAINST KUNLUN SHOULD BE DISMISSED UNDER FED. R. CIV. P. 12(B)(1) AND 12(B)(6).

Even if this Court were to find that it possesses personal jurisdiction over Kunlun, Plaintiffs' claims against Kunlun must still be dismissed under Rules 12(b)(1) and 12(b)(6). The Complaint suffers from two fatal pleading defects as applied to Kunlun: it relies on improper group pleading that fails to provide Kunlun with fair notice of its own alleged wrongdoing, and it fails to plead

8

Article III standing and state a substantive claim for the reasons articulated in Defendant Skywork's Motion to Dismiss.

**A.    The Complaint's Undifferentiated "Defendants" Allegations Fail to Give Kunlun Fair Notice of Its Own Alleged Conduct and Do Not Satisfy Rule 8(a) as to Kunlun.**

To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under Rule 8(a), Plaintiffs must provide the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

In the Seventh Circuit, a plaintiff cannot satisfy this standard through "group pleading," the practice of lumping multiple defendants together without specifying which defendant is responsible for which alleged acts. As the Seventh Circuit has consistently held, "[l]iability is personal," and an allegation directed at multiple defendants indiscriminately is insufficient because "[e]ach defendant is entitled to know what he or she did that is asserted to be wrongful." *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013); *see also Brooks v. Ross*, 578 F.3d 574, 581–82 (7th Cir. 2009) (rejecting allegations that merely grouped defendants together).

Here, Plaintiffs' Complaint impermissibly lumps Kunlun and Skywork together under the collective moniker "Defendants." Plaintiffs repeatedly allege that "Defendants" committed various acts related to the accused service, without differentiating the actions of Kunlun from those of Skywork. By employing this undifferentiated pleading tactic, Plaintiffs have failed to identify any specific, independent conduct committed by Kunlun itself that would give rise to liability. Because the Complaint forces Kunlun to guess which of the collective allegations are actually directed at it, the Complaint fails to provide fair notice under Rule 8(a) and fails to state a plausible claim for relief against Kunlun.

9

**B.**     **The Arguments Advanced in Defendant Skywork's Motion to Dismiss Are Incorporated by Reference and Apply with Equal Force to Kunlun.**

Even if the Court were to accept Plaintiffs' improper group pleading and assume, arguendo, that the conduct attributed generally to "Defendants" applies to Kunlun, the Complaint still fails to plead Article III standing and state a claim upon which relief can be granted.

Defendant Skywork has filed a Motion to Dismiss detailing the substantive legal deficiencies in Plaintiffs' claims. *See* ECF No. 24. Because Plaintiffs' allegations against Kunlun are entirely coextensive with, and undifferentiated from, the allegations against Skywork, any substantive defects regarding the operation of the accused service apply equally to Kunlun.

To avoid redundancy and conserve judicial resources, Kunlun expressly adopts and incorporates by reference the arguments under Rules 12(b)(1) and 12(b)(6) set forth in Skywork's Motion to Dismiss. For all the reasons articulated therein, Plaintiffs have failed to establish Article III standing or state a plausible claim for relief based on the operation of the accused service. The claims against Kunlun must be dismissed.

## CONCLUSION

For the foregoing reasons, Kunlun respectfully requests that its motion to dismiss be granted.

10

DATED: July 14, 2026

Respectfully submitted,

**KING & WOOD LLP**

By:　*/s/* J. Benjamin Bai
　　　J. Benjamin Bai
　　　Texas Bar No. 24001675
　　　benjamin.bai@cn.kingandwood.com
　　　600 5th Ave, 27th Floor
　　　New York, NY 10020
　　　Tel.: (212) 319-4755
　　　Fax: (917) 591-8167

**KING & WOOD**
　　　Haolu Feng
　　　D.C. Bar No. 90001026
　　　harry.feng@cn.kingandwood.com
　　　17th Floor, One ICC, Shanghai ICC
　　　999 Middle Huai Hai Road, Xuhui District
　　　Shanghai 200031, China
　　　Tel.: +86 21 2352 6585
　　　Fax: +86 21 2412 6150

　　　*Attorneys for Defendant*
　　　*Kunlun Tech Co., Ltd.*

11