**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ATTACK THE SOUND LLC, an Illinois limited liability company, DAVID WOULARD, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KUNLUN TECH CO., LTD., SKYWORK AI PTE. LTD., and UNKNOWN DEFENDANTS,<br><br>Defendants. | Civil Action No. 1:25-cv-15354<br><br>**DEFENDANTS SKYWORK'S AND KUNLUN'S JOINT MOTION TO STAY DISCOVERY**<br><br>Judge: Hon. Joan B. Gottschall<br>Magistrate Judge: Hon. Keri L. Holleb Hotaling |

**TABLE OF CONTENTS**

INTRODUCTION ........ 1

BACKGROUND ........ 2

RULE 26(C)(1) AND LOCAL RULE 37.2 CERTIFICATION AND PROPOSED BRIEFING SCHEDULE ........ 3

LEGAL STANDARD ........ 4

ARGUMENT ........ 5

A. A Stay Will Simplify the Case Because the Pending Motions Could Eliminate Claims, Parties, and Entire Categories of Discovery. ........ 5

B. A Stay Would Reduce Burden Because the Complaint Itself Demonstrates that Discovery Would Be Broad, Technical, and Class-Wide. ........ 6

C. A Temporary Stay Would Not Unduly Prejudice Plaintiffs or Create a Tactical Disadvantage. ........ 8

D. A Case-Wide Stay Will Avoid Duplicative Proceedings While the Court Resolves the Defendants' Motions. ........ 9

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**CASE**

*Bank of Am., N.A. v. Knight*,
725 F.3d 815 (7th Cir. 2013)........................................................................................ 1

*Calderon v. Procter & Gamble Co.*,
No. 22-cv-3326, 2022 WL 20742696 (N.D. Ill. Oct. 6, 2022) ............................................ 7

*Cosby v. Rodriquez*,
711 F. Supp. 3d 983 (N.D. Ill. 2024) ........................................................................ 1

*Harper v. Cent. Wire, Inc.*,
No. 19 CV 50287, 2020 WL 5230746 (N.D. Ill. Sept. 2, 2020)...................................... 4, 9

*In re Clearview AI, Inc. Consumer Priv. Litig.*,
No. 21 C 135, 2021 WL 5862495 (N.D. Ill. Aug. 31, 2021)........................................... 4, 5

*Liggins v. Reicks*,
No. 19-cv-50303, 2021 WL 2853359 (N.D. Ill. July 8, 2021) ............................................ 5

*Lord v. PDD Holdings, Inc.*,
No. 23-CV-04729, 2024 WL 5432081 (N.D. Ill. Feb. 28, 2024) ................................ 4, 5, 8

*Medline Indus., Inc. v. C.R. Bard, Inc.*,
No. 17 C 7216, 2019 WL 10948865 (N.D. Ill. Sept. 10, 2019) .......................................... 8

*Patterson v. Avery Dennison Corp.*,
281 F.3d 676 (7th Cir. 2002)........................................................................................ 3

*Rodriguez v. Ford Motor Co.,*
No. 21 C 2553, 2022 WL 704780 (N.D. Ill. Mar. 9, 2022) ............................................. 4, 7

*Vital Proteins, LLC v. Ancient Brands, LLC*,
No. 22-cv-02265, 2023 WL 5671857 (N.D. Ill. Sept. 1, 2023)....................................... 4, 7

**RULE**

Fed. R. Civ. P. 26(c)(1) ......................................................................................... 3

## INTRODUCTION

This case should not enter broad, class-wide discovery before the Court determines which claims and defendants, if any, will remain in the case. Skywork AI Pte. Ltd. has moved to dismiss all fourteen counts on threshold and merits grounds, or, in the alternative, for a more definite statement. ECF No. 24. Kunlun Tech Co., Ltd. separately has moved to dismiss for lack of personal jurisdiction and on additional pleading grounds. ECF No. 26. Those motions could end the action, remove one or both Defendants, eliminate claims based on unregistered works, and materially narrow the works, parties, conduct, and legal issues that could support discovery.

The Complaint, which is a textbook example of so-called "group pleading," foreshadows unusually broad discovery. "Group pleading, in which a plaintiff refers to a collective group of defendants as opposed to specifically identifying individual action, can run afoul of these pleading requirements." *Cosby v. Rodriquez*, 711 F. Supp. 3d 983, 997 (N.D. Ill. 2024) (citing *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013)). The Complaint asserts fourteen federal and state-law counts against each Defendant, identifies eighty-eight works, proposes numerous nationwide and Illinois subclasses, and challenges alleged conduct involving acquisition, storage, model training, fine-tuning, outputs, copyright-management information, access controls, voice data, advertising, subscriptions, and application programming interfaces. Compl. ¶¶ 1–9, 57–164, 178–331; Compl. Ex. A. Beginning that discovery now or in the coming weeks would require the parties and the Court to address scope and relevance before the Court determines which claims, works, plaintiffs, and defendant-specific acts remain, if at all.

A temporary stay avoids that sequence without unduly prejudicing Plaintiffs. No Rule 16 scheduling order or other case-specific discovery schedule has been entered, and the docket reflects no request for preliminary relief, expedited discovery, jurisdictional discovery, or other emergency

discovery. Defendants do not seek relief from any preservation obligation. The Court can expressly direct all parties to take appropriate and reasonable steps to preserve and retain relevant documents and information while discovery is stayed. Defendants therefore request a stay of all discovery, including the parties' obligations to exchange initial disclosures under Federal Rule of Civil Procedure 26(a)(1), until the Court resolves the pending dismissal motions or enters a further order.

## BACKGROUND

Plaintiffs filed this putative class action on December 17, 2025. The complaint asserts five direct copyright counts, three Digital Millennium Copyright Act counts, two secondary-liability counts, and four Illinois-law counts under the Biometric Information Privacy Act, the Right of Publicity Act, the Uniform Deceptive Trade Practices Act, and unjust enrichment. Compl. ¶¶ 165–331. Plaintiffs propose classes and subclasses reaching alleged sound recordings, lyrics, musical compositions, copyright-management information, access controls, voiceprints, identities, and related marketing practices. Compl. ¶¶ 156–59.

Skywork moved to dismiss the complaint on July 13, 2026. ECF No. 24. Its motion raises several grounds that could dispose of the action or reshape discovery. Skywork argues that the Court lacks personal jurisdiction; that the complaint improperly groups Skywork and Kunlun; that copyright claims based on sixty-nine unregistered works cannot proceed; that certain lyric and composition claims rely on sound-recording registrations; that the complaint pleads no domestic Copyright Act or Digital Millennium Copyright Act violation by Skywork; that the Digital Millennium Copyright Act and secondary-liability counts omit required elements; that the Illinois claims fail on standing, statutory, and preemption grounds; and that a more definite statement is required if dismissal is not granted. ECF No. 24-1 at 4–28.

Kunlun filed its separate dismissal motion on July 14, 2026. ECF No. 26. Kunlun principally

argues that the Court lacks personal jurisdiction over it and separately challenges the complaint's collective allegations and the sufficiency of the claims. ECF No. 26-1 at 2–10. The motions are separate and rely on partly distinct grounds. Together, however, they supply additional case-wide reasons to defer discovery and alter the proper scope of any remaining discovery.

As of the filing date of this Motion, no discovery schedule has been entered. The docket also reflects no pending motion for preliminary injunctive relief, expedited discovery, jurisdictional discovery, or other discovery-related relief.

As relevant context for the present action, Plaintiffs' counsel has initiated at least three other substantially similar putative class actions within this District. See *Woulard v. Uncharted Labs, Inc.*, No. 1:25-cv-12613 (N.D. Ill. Oct. 15, 2025), ECF No. 1; *Kogon v. Google*, No. 1:26-cv-2582 (N.D. Ill. Mar. 6, 2026), ECF No. 1; *Woulard v. Suno, Inc.,* No. 1:25-cv-12684 (N.D. Ill. Oct. 16, 2025), ECF No. 1. While naming different defendants, these parallel actions appear to be brought on behalf of an identical—or nearly identical—roster of named plaintiffs, and they assert substantially similar claims and underlying theories of liability at issue here. Notably, courts in each of the three parallel actions have entered orders staying discovery pending threshold motion practice. See *Uncharted Labs*, ECF Nos. 18, 32; *Google*, ECF No. 20; *Suno*, ECF No. 34. The present motion therefore arises against a procedural backdrop in which the prosecution of these substantially similar claims, brought by these same plaintiffs and their counsel, has already been paused across the District.

## RULE 26(C)(1) AND LOCAL RULE 37.2 CERTIFICATION AND PROPOSED BRIEFING SCHEDULE

Pursuant to Federal Rule of Civil Procedure 26(c)(1) and Local Rule 37.2, counsel for Defendants certifies that, on July 29, 2026, at approximately 7:30 p.m. Central Time, Defendants'

counsel Benjamin Bai and Plaintiffs' counsel Ross Kimbarovsky conferred by telephone concerning Defendants' request to stay discovery pending resolution of the motions to dismiss. Counsel engaged in good-faith efforts to resolve the dispute but were unable to reach an accord. Plaintiffs oppose Defendants' requested stay and the filing of this Motion.

The parties nevertheless agree that, if this Motion is filed, Plaintiffs may file their response within fourteen days after the Motion is filed. Because Local Rule 78.3 does not prescribe a default period for filing a reply, Defendants respectfully request that they be permitted to file any reply within seven days after Plaintiffs file their response, subject to further order of the Court.

**LEGAL STANDARD**

Rule 26(c)(1) authorizes the Court, for good cause, to control discovery to protect a party from undue burden or expense. Fed. R. Civ. P. 26(c)(1). District courts have "broad discretion" in managing discovery. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). As such, courts "may, for good cause, control its sequence to 'protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Vital Proteins, LLC v. Ancient Brands, LLC*, No. 22-cv-02265, 2023 WL 5671857, at *3 (N.D. Ill. Sept. 1, 2023) (quoting Fed. R. Civ. P. 26(c)(1)). In evaluating whether to grant a stay of discovery, courts consider: "(1) whether a stay will prejudice the non-moving party; (2) whether a stay will simplify the issues in the case; and (3) whether a stay will reduce the burden of litigation for the parties or the court." *Lord v. PDD Holdings, Inc.*, No. 23-CV-04729, 2024 WL 5432081, at *2 (N.D. Ill. Feb. 28, 2024); *accord Rodriguez v. Ford Motor Co.*, No. 21 C 2553, 2022 WL 704780, at *1 (N.D. Ill. Mar. 9, 2022). Jurisdiction is the kind of threshold issue that "often supports a discovery stay because such a defect affirmatively demonstrates that a case can go nowhere." *Harper v. Cent. Wire, Inc.*, No. 19 CV 50287, 2020 WL 5230746, at *2 (N.D. Ill. Sept. 2, 2020) (citation omitted).

Courts in this District routinely stay discovery during the pendency of motions to dismiss where the motion "can resolve the case – at least as to the moving party, or where the issue is a threshold one, such as jurisdiction, standing, or qualified immunity," although the "mere filing of" such a motion "does not automatically stay discovery." *In re Clearview AI, Inc. Consumer Priv. Litig.*, No. 21 C 135, 2021 WL 5862495, at *1 (N.D. Ill. Aug. 31, 2021) (cleaned up). Similarly, in class action suits, courts in this Circuit often stay discovery pending a ruling on a motion to dismiss "[g]iven the burden, time, and expense often associated with responding to discovery in a putative class action." *Rodriguez*, 2022 WL 704780, at *2 (collecting cases).

## ARGUMENT

### A. A Stay Will Simplify the Case Because the Pending Motions Could Eliminate Claims, Parties, and Entire Categories of Discovery.

The simplification factor strongly favors a stay. Defendants' motions present threshold, potentially dispositive issues—lack of personal jurisdiction and failure to state a claim. Courts recognize that when a pending motion "could potentially be dispositive," a discovery stay is warranted. *Rodriguez*, 2022 WL 704780, at *1–2 (granting a stay where a motion to dismiss could dispose of specific claims, thereby narrowing discovery or rendering it unnecessary); *see In re Clearview AI, Inc. Consumer Priv. Litig.*, 2021 WL 5862495, at *1 ("In light of that potentially-dispositive standing argument, the Court finds that a temporary stay of discovery as to [defendant] is warranted."). Stays are especially appropriate when the underlying motion would remove a party from the case or resolve a threshold issue. *See Lord*, 2024 WL 5432081, at *3 (staying discovery pending a motion to dismiss for lack of personal jurisdiction because, if granted, a party would be eliminated and the threshold issue resolved); *see also Liggins v. Reicks*, No. 19-cv-50303, 2021 WL 2853359, at *1, *3 (N.D. Ill. July 8, 2021) (granting stay where motion to dismiss based in

part on threshold issue of qualified immunity "could dispose of the entire case or narrow the issues significantly").

Even a partial ruling would reorganize discovery. If this Court grants either Defendant's motion to dismiss in its entirety, the case would proceed, if at all, against fewer parties. If either motion succeeds in part, the Court's ruling would define a smaller and more coherent discovery scope. A ruling on the registration prerequisite could eliminate all copyright claims tied to unregistered works and narrow several proposed classes. A ruling on the alleged mismatch between sound-recording registrations and lyric or composition claims could further narrow the works and rights at issue. A territoriality ruling could dispose of the federal copyright and DMCA counts. The resulting discovery would depend on which registered works remain, which statutory rights remain, whether any Illinois-law claim survives, whether Plaintiffs must replead defendant-specific conduct, and whether the Court has jurisdiction over one or both defendants. Those questions bear directly on the permissible subjects, time periods, witnesses, documents, interrogatories, depositions, and expert issues. An order granting Skywork's alternative request under Rule 12(e) would have a similar narrowing effect by requiring Plaintiffs to identify which plaintiff, work, act, claim, and defendant are linked before discovery proceeds.

**B. A Stay Would Reduce Burden Because the Complaint Itself Demonstrates that Discovery Would Be Broad, Technical, and Class-Wide.**

A stay will materially reduce the burdens of litigation on the parties and the Court by avoiding potentially unnecessary and costly discovery. Any anticipated burden in this case follows from the Complaint itself. Plaintiffs' Complaint asserts fourteen causes of action against each Defendant, intermingling potentially colorable allegations with claims that are facially deficient as a matter of law. Proceeding with discovery across the entire breadth of this scattershot pleading would waste judicial resources and impose an undue burden on the parties. Accordingly, the Court

should stay discovery until the legally unwarranted claims can be properly pared down on a motion to dismiss, thereby narrowing the scope of this litigation to its proper bounds.

The Complaint's collective allegations make the sequencing problem more acute for Kunlun. Plaintiffs allege that "Defendants" distributed applications, collected payments, registered or operated internet domains, copied works, trained models, stored data, and marketed Mureka. Compl. ¶¶ 46, 57–155. Kunlun denies that it performed those functions and argues that the complaint improperly attributes Skywork's alleged conduct to Kunlun. ECF No. 26-1 at 2–6, 9. Until the Court resolves that issue, discovery directed to Kunlun would likely encompass the parties' corporate relationship, control, operations, websites, applications, payments, data, model development, and numerous merits subjects. A jurisdictional ruling could make much of that party discovery unnecessary.

Those allegations show why sequencing matters. Before the Court rules on the pleadings, the parties cannot know which works, statutory rights, alleged acts, or proposed classes remain relevant. Discovery disputes over scope and proportionality would likely require the Court to decide relevance under claims that may be dismissed or repleaded. A stay avoids that premature management and preserves resources for discovery tied to the operative claims. Courts in this District recognize that the time and expense of putative class discovery favor a stay when a pending dismissal motion could eliminate or narrow the case. *Rodriguez*, 2022 WL 704780, at *2. They likewise recognize that a stay preserves party and judicial resources when the pending motion raises substantial dismissal grounds. *Vital Proteins*, 2023 WL 5671857, at *4–5. The Complaint's breadth and collective allegations demonstrate the problem. The Court can avoid litigating the scope of merits discovery against either Defendant until it decides whether each Defendant is subject to jurisdiction and whether Plaintiffs have pleaded any Defendant-specific claim.

### C. A Temporary Stay Would Not Unduly Prejudice Plaintiffs or Create a Tactical Disadvantage.

Plaintiffs would not suffer undue prejudice from a temporary stay of discovery. As a general rule, delaying the commencement of discovery while awaiting adjudication of a motion to dismiss is not unduly prejudicial. *See Rodriguez*, 2022 WL 704780, at *1 (discounting "[t]he general prejudice of having to wait for resolution" as adequately prejudicial (alteration in original)). In other words, mere delay, without more, does not militate against a stay. *See Vital Proteins*, 2023 WL 5671857, at *5 (noting that the plaintiff failed to identify any prejudice "aside from the delay that is inherent in any stay"); *Calderon v. Procter & Gamble Co.*, No. 22-cv-3326, 2022 WL 20742696, at *1 (N.D. Ill. Oct. 6, 2022) ("[H]aving to wait for resolution is not a persuasive reason to deny the motion to stay.").

There does not appear to be concrete prejudice to Plaintiffs beyond the ordinary delay inherent in any stay. The possibility that this case still might proceed in another forum following dismissal does not render a stay prejudicial and is simply an argument about general delay. Notably, Plaintiffs have not sought a preliminary injunction, "which further indicates that a delay at this stage would not prejudice [Plaintiffs] significantly." *Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 17 C 7216, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019).

Nor would speculative concerns about potential evidence loss or destruction in the interim period suffice to establish prejudice, especially where the moving parties are sophisticated corporate litigants that presumably have document retention and preservation systems in place. *See Lord*, 2024 WL 5432081, at *2 (rejecting plaintiffs' argument that staying discovery would risk evidence spoliation because sophisticated corporate entities maintain systems to store and preserve documents, and defendants attested in their briefs that they were complying with document retention and preservation obligations). A stay does not suspend Defendants'

preservation duties. Kunlun is a publicly traded entity, and Skywork is its subsidiary. Both maintain institutional document retention policies and remain subject to their obligations to preserve evidence, which a stay will not displace.

Nor would possible jurisdictional discovery justify denying a stay now. No request for jurisdictional discovery is pending. If Plaintiffs later identify a specific jurisdictional issue that requires targeted discovery, the Court can, within its discretion, authorize that discovery by further order. The possibility of a focused future request does not justify immediate merits and class discovery across fourteen counts.

### D. A Case-Wide Stay Will Avoid Duplicative Proceedings While the Court Resolves the Defendants' Motions.

A case-wide stay is more efficient than pausing discovery only as to one party. The Complaint repeatedly alleges collective conduct, and the ensuing discovery subjects associated with Kunlun and Skywork would substantially overlap. Compl. ¶¶ 46, 57–155. Allowing discovery to proceed against one Defendant while pausing it against another could lead to duplicative requests, depositions, objections, and motion practice. It could also require the parties to revisit discovery after the Court clarifies which allegations apply to each defendant. *Harper*, 2020 WL 5230746, at *2 ("Staying discovery as to some, but not all of the Defendants will not operate to simplify this case but may result in the need to duplicate depositions, complicate discovery, and frustrate the expeditious resolution to this litigation.").

Defendants therefore request a single temporary, case-wide stay while the Court resolves Defendants' motions to dismiss, ECF Nos. 24, 26. That approach avoids the duplication that concerned the *Harper* court. The balance favors preserving resources until the Court decides threshold jurisdictional questions and determines the claims and parties that remain.

## CONCLUSION

Defendants respectfully request that the Court stay all discovery, including the parties' obligations to exchange initial disclosures under Federal Rule of Civil Procedure 26(a)(1), until it resolves the motions to dismiss, ECF Nos. 24 and 26, or enters a further order.

DATED: July 30, 2026

Respectfully submitted,

**KING & WOOD LLP**

By: *[/s/]* J. Benjamin Bai
J. Benjamin Bai
Texas Bar No. 24001675
benjamin.bai@cn.kingandwood.com
600 5th Ave, 27th Floor
New York, NY 10020
Tel.: (212) 319-4755
Fax: (917) 591-8167

**KING & WOOD**
Haolu Feng
D.C. Bar No. 90001026
harry.feng@cn.kingandwood.com
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031, China
Tel.: +86 21 2352 6585
Fax: +86 21 2412 6150

*Attorneys for Defendants Kunlun Tech Co., Ltd. and Skywork AI Pte. Ltd.*