**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ATTACK THE SOUND LLC, an Illinois limited liability company, DAVID WOULARD, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KUNLUN TECH CO., LTD., SKYWORK AI PTE. LTD., and UNKNOWN DEFENDANTS,

Defendants.

Civil Action No. 1:25-cv-15354

**DEFENDANTS SKYWORK'S AND KUNLUN'S REPLY IN SUPPORT OF THEIR JOINT MOTION TO STAY DISCOVERY**

Judge: Hon. Joan B. Gottschall
Magistrate Judge: Hon. Keri L. Holleb Hotaling

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

ARGUMENT .............................................................................................................................. 2

I. A stay is warranted because the pending motions can materially narrow discovery....... 2

II. Lord confirms that jurisdictional discovery does not preclude a stay............................ 4

III. Jurisdictional discovery should wait because entitlement precedes scope.................. 5

IV. Plaintiffs' detailed discovery proposal makes the anticipated burden concrete............ 8

V. Preservation does not require discovery to commence. ................................................ 9

VI. The Court should stay discovery and allow jurisdictional discovery only if needed. .11

CONCLUSION.........................................................................................................................11

## TABLE OF AUTHORITIES

**CASE**

*Aland v. U.S. Dep't of the Interior*,
No. 22-cv-5821, 2022 WL 18027569 (N.D. Ill. Dec. 30, 2022) .......................................... 6

*B.D. v. Samsung SDI Co., Ltd.*,
91 F.4th 856 (7th Cir. 2024) ........................................................................................ 6

*Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*,
230 F.3d 934 (7th Cir. 2000)........................................................................... 1, 5–6

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*,
592 U.S. 351 (2021) ................................................................................................ 7

*Fourth Estate Pub. Ben. Corp. v. Wall-Street.com, LLC*,
586 U.S. 296 (2019) ................................................................................................ 3

*Harper v. Cent. Wire, Inc.*,
No. 19 CV 50287, 2020 WL 5230746 (N.D. Ill. Sept. 2, 2020).................................. 3–4, 9

*In re Sheehan*,
48 F.4th 513 (7th Cir. 2022) ........................................................................................ 5

*Izmo, Inc. v. Roadster, Inc.*,
No. 18-cv-06092-NC, 2019 U.S. Dist. LEXIS 93568 (N.D. Cal. June 4, 2019) ................. 3

*Lord v. PDD Holdings, Inc.*,
No. 23-CV-04729, ECF No. 86 (N.D. Ill. Feb. 28, 2024) .................................1, 4–5, 10–11

*Malibu Media, LLC v. Doe*,
No. 18-CV-10956 (JMF), 2019 U.S. Dist. LEXIS 56578 (S.D.N.Y. Apr. 2, 2019) ............. 3

*Medline Indus., Inc. v. C.R. Bard, Inc.*,
No. 17 C 7216, 2019 WL 10948865 (N.D. Ill. Sept. 10, 2019) ......................................... 10

*MG Design Assocs., Corp. v. CoStar Realty Info., Inc.*,
224 F. Supp. 3d 621 (N.D. Ill. 2016) ........................................................................ 3

*Omnireps, LLC v. CDW Corp.*,
No. 23-cv-868, ECF No. 78 (N.D. Ill. May 8, 2024) ................................................... 3, 9

*Rawls v. Paradise Artists, Inc.*,
No. 3:18-0417, 2020 WL 1493610 (M.D. Tenn. Mar. 27, 2020) ........................................ 3

*Rodriguez v. Ford Motor Co.*,
No. 21 C 2553, 2022 WL 704780 (N.D. Ill. Mar. 9, 2022) .....................................1–2, 8–11

*Walden v. Fiore*,
571 U.S. 277 (2014) ................................................................................................ 6

**STATUTE**

17 U.S.C. § 411(a) ....................................................................................................... 1

**RULES**

Fed. R. Civ. P. 4(k)(2) .......... 7
Fed. R. Civ. P. 12(b)(2) .......... 2, 11
Fed. R. Civ. P. 30(b)(6) .......... 2, 7–9

## INTRODUCTION

After the opposition, the simplification dispute turns on one question: must a stay eliminate every need for discovery, or is material narrowing of the discovery enough? Plaintiffs argue the former. ECF No. 33 at 3. But *Rodriguez* applied the latter and explained that success "in whole or in part" "could greatly affect the cost and scope of discovery taken." *Rodriguez v. Ford Motor Co.*, No. 21 C 2553, 2022 WL 704780, at *2 (N.D. Ill. Mar. 9, 2022). Plaintiffs' own positions on the dismissal motions already demonstrate that narrowing. They do not oppose dismissal without prejudice of copyright claims based on U.S. works unregistered when this action began, or of specified lyric and composition claims currently supported only by sound-recording registrations. ECF No. 32 at 11–13, 30. Their registered-work argument therefore establishes, at most, that six counts may survive one Section 411(a) ground. It does not show that those counts survive the other grounds raised in ECF Nos. 24 and 26.

Plaintiffs also contend that requested jurisdictional discovery makes a stay self-defeating. ECF No. 33 at 6–7. But *Lord* stayed discovery despite a pending request and stated: "Should the District Judge rule that such discovery is necessary to decide the issue of personal jurisdiction, the Court will lift the stay to conduct such discovery." *Lord v. PDD Holdings, Inc.*, No. 23-CV-04729, ECF No. 86, at 3 n.2 (N.D. Ill. Feb. 28, 2024). Plaintiffs' own *Central States* citation supplies the same sequence: "At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000). Entitlement comes first; scope follows only if discovery is warranted.

Plaintiffs' own proposal also confirms that the anticipated burden is concrete rather than speculative. Their proposed scope of jurisdictional discovery, which grossly transcends the

targeted purpose of jurisdictional discovery, reaches foreign corporate relationships, model and data architecture, U.S. personnel and infrastructure, training-data provenance, Illinois account and billing records, document production, and one Rule 30(b)(6) deposition per Defendant. ECF No. 33 at 13. Their ESI proposal adds model versions, checkpoints, datasets, logs, systems, retention information, and preservation confirmations. ECF No. 33 at 6–8, 13–14. Those proposals identify non-speculative and substantial corporate, technical, and ESI discovery that would proceed unless stayed. Preservation does not require immediate production. Defendants do not seek relief from preservation obligations, and any stay may expressly require reasonable preservation throughout its duration. The Court should therefore stay discovery now and, if the Court later deems appropriate, permit only the targeted jurisdictional discovery that is necessary to decide either Rule 12(b)(2) motion.

## ARGUMENT

### I. A Stay Is Warranted Because the Pending Motions Can Materially Narrow Discovery.

#### A. *Rodriguez* requires material narrowing, not elimination, of discovery.

Plaintiffs frame the question as whether any outcome of the pending motions will "eliminate[] the need for discovery." ECF No. 33 at 3. *Rodriguez* rejects that all-or-nothing test. Without forecasting the merits, the court explained: "The ruling on any part of the motion to dismiss . . . has potential to dispose of certain claims brought by Rodriguez, making discovery unnecessary, or, at least narrowing its scope." *Rodriguez*, 2022 WL 704780, at *1–2. It then made the point explicit: success "in whole or in part" "could greatly affect the cost and scope of discovery taken." *Id.* at *2. The question is therefore whether the pending motions may materially alter the parties, claims, works, conduct, or attribution issues that determine the

proportional scope of discovery, not whether every category of discovery disappears. The pending motions may materially alter each of those subjects.

**B. Plaintiffs' own positions confirm that the motions can narrow the case.**

Plaintiffs already concede dismissal of identified work-specific claims and rights. They do not oppose dismissal without prejudice of copyright claims based on U.S. works that were unregistered when suit began, and they do not oppose dismissal without prejudice of lyric and composition claims to the extent those claims currently rely solely on SR 845-765 or SRu 1-313-672. ECF No. 32 at 11–13, 30. Plaintiffs intend to seek leave to amend after additional Copyright Office action. [1] ECF No. 32 at 12 n.5. Nevertheless, discovery should reflect the claims and parties that remain after the pending motions are resolved, not claims Plaintiffs may later seek leave to plead.

Plaintiffs' registered-work argument addresses only one dismissal ground. Plaintiffs contend that eighteen registered sound recordings and two composition-covering registrations preserve predicates for six counts. ECF No. 33 at 4. Even if accepted for purposes of this motion, that point does not establish that those six counts survive the independent personal-jurisdiction, domestic-conduct, DMCA, secondary-liability, state-law, preemption, and pleading challenges

---

[1] The Court should deny such a request consistent with the interpretation of *Fourth Estate Pub. Ben. Corp. v. Wall-Street.com*, *LLC*, 586 U.S. 296 (2019) by other courts. *See Izmo, Inc. v. Roadster, Inc.*, No. 18-cv-06092-NC, 2019 U.S. Dist. LEXIS 93568, at *5 (N.D. Cal. June 4, 2019); *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 U.S. Dist. LEXIS 56578, at *5 (S.D.N.Y. Apr. 2, 2019) (both holding that the *Fourth Estate* decision precludes a plaintiff from amending a complaint to add works registered after the commencement of the original lawsuit.).

Additionally, Plaintiffs' promise to cure the defect later cannot save these claims. They allege that they "have filed or will promptly file registration applications" and "do not seek adjudication or entry of relief" unless and until registration or refusal issues. Compl. ¶¶ 197, 208, 220, 269, 280. But § 411(a) "is akin to an administrative exhaustion requirement" before suit. *Fourth Estate*, 586 U.S. at 301. "Satisfaction of the condition while the suit is pending does not avoid the need to start anew." *MG Design Assocs., Corp. v. CoStar Realty Info., Inc.*, 224 F. Supp. 3d 621, 633 (N.D. Ill. 2016). Likewise, "an amended complaint cannot fix" the failure to obtain registration before filing. *Rawls v. Paradise Artists, Inc.*, No. 3:18-0417, 2020 WL 1493610, at *5 (M.D. Tenn. Mar. 27, 2020).

raised in ECF Nos. 24 and 26. A showing that six counts may survive one argument does not establish that those counts will remain after the motions are resolved.

**C. *Omnireps* and *Harper* do not require complete elimination of discovery.**

Plaintiffs invoke *Omnireps* to argue that overlapping discovery defeats simplification. ECF No. 33 at 11. But *Omnireps* held that although one count "will proceed regardless," "[b]ecause jurisdiction is a threshold issue, discovery is stayed against" defendants contesting personal jurisdiction. *Omnireps, LLC v. CDW Corp.*, No. 23-cv-868, ECF No. 78, at 5 & n.4 (N.D. Ill. May 8, 2024). And if the surviving count "will involve much of the same evidence as most other claims," discovery on that count would "help expedite the case after the District Judge has ruled on the motions to dismiss." *Id.* at 6. Thus overlap does not preclude a targeted stay. Here, both Defendants challenge personal jurisdiction over every claim.

Plaintiffs also rely on *Harper*. ECF No. 33 at 5–6, 8, 10–11. *Harper* states the general rule that "[t]here is no requirement that discovery cease during the pendency of a motion to dismiss." *Harper v. Cent. Wire, Inc.*, No. 19 CV 50287, 2020 WL 5230746, at *1 (N.D. Ill. Sept. 2, 2020). But it separately explains that jurisdiction is among the "threshold issues" that "often support a discovery stay because such a defect 'affirmatively demonstrates that a case can go nowhere.'" *Id.* at *2. Both Defendants raise jurisdiction challenge and jointly seek the stay. *Harper* therefore does not address the posture here.

**D. Plaintiffs' party-attribution position confirms that dismissal would change discovery.**

Plaintiffs' own positions on party attribution undercut their argument that dismissing one Defendant would yield little reduction in discovery. In opposing a stay, Plaintiffs argue that discovery would "substantially overlap." ECF No. 33 at 5. In opposing dismissal, however, they argue that discovery is needed to determine "precisely how Defendants allocated acquisition,

training, model transfers, processing, and delivery among themselves." ECF No. 32 at 9–10. Those positions cut against each other. If discovery is needed to determine which Defendant engaged in which conduct, then dismissing a Defendant necessarily changes the scope of that party-specific discovery. The continued relevance of some Mureka-related subjects does not leave the scope of discovery unchanged. That is exactly the circumstance *Rodriguez* found weighs in favor of a stay: a dismissal ruling that may narrow the parties and claims could "greatly affect the cost and scope of discovery." *Rodriguez*, 2022 WL 704780, at * 2.

## II. LORD CONFIRMS THAT JURISDICTIONAL DISCOVERY DOES NOT PRECLUDE A STAY.

Plaintiffs argue that a stay would "freeze" discovery the Court may need to decide personal jurisdiction. ECF No. 33 at 6. The *Lord* order, which Plaintiffs also cite, answers that procedural concern. The plaintiffs there had already requested jurisdictional discovery, and the order stated: "Should the District Judge rule that such discovery is necessary to decide the issue of personal jurisdiction, the Court will lift the stay to conduct such discovery." *Lord*, ECF No. 86, at 3 n.2. That is not a categorical bar to jurisdictional discovery. It is sequencing: decide whether factual development is needed, then lift the stay only to the extent necessary.

*Lord* also declined to forecast the merits. A successful personal-jurisdiction motion "would remove an entire party from the case and would resolve a threshold issue in this litigation." *Id.* at 5–6. And "[p]ushing forward with costly and time-consuming discovery while these motions are pending does not make sense" when the motions may significantly narrow the case. *Id.* The court stressed that it was "not previewing the outcome or opining on the merits of the motions." *Id.* at 6. The same sequencing is appropriate here: stay discovery and then determine whether jurisdictional factual development is necessary.

## III. Jurisdictional Discovery Should Wait Because Entitlement Precedes Scope.

### A. *Central States* and *Sheehan* require a threshold showing before jurisdictional discovery.

Plaintiffs invoke *Central States*. ECF No. 33 at 6. That authority establishes the required sequence. "At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted." *Central States*, 230 F.3d at 946. It also cautions that "[f]oreign nationals usually should not be subjected to extensive discovery in order to determine whether personal jurisdiction over them exists." *Id. Sheehan* reaffirmed that threshold and added that a plaintiff is not "entitled to discovery to establish essentially speculative allegations necessary to personal jurisdiction." *In re Sheehan*, 48 F.4th 513, 526 (7th Cir. 2022).

*Central States* also applied that gateway to scope. It found that "most of these requests were irrelevant to the issue of specific personal jurisdiction" and that "burdensome, wide-ranging discovery against defendants from a foreign nation is not appropriate" while the court decides "whether it has any power over the defendants." *Central States*, 230 F.3d at 947. It found the corporate-affiliation evidence insufficient as well. *Id.* at 946–47.

### B. *B.D.* and *Aland* do not make specificity alone sufficient.

*B.D.* supplies the controlling qualification and confirms the same sequence. The Seventh Circuit called the colorable-showing requirement a "minimal burden" and said the court "consider[s] the record in its entirety and draw[s] all inferences in [the plaintiff's] favor." *B.D. v. Samsung SDI Co., Ltd.*, 91 F.4th 856, 864 (7th Cir. 2024). But it still authorized discovery only after concluding "[o]n this record" that B.D. had made a "colorable showing" of minimum contacts, which "warrants a limited remand for jurisdictional discovery." *Id.* A specific discovery proposal may help define scope; it does not itself establish entitlement.

Plaintiffs correctly distinguish *Aland* on specificity. Judge Gottschall in that case denied discovery because, "without an understanding of what documents Aland is seeking and why they are necessary to a jurisdictional determination, the court has no basis for authorizing jurisdictional discovery." *Aland v. U.S. Dep't of the Interior*, No. 22-cv-5821, 2022 WL 18027569, at *5 (N.D. Ill. Dec. 30, 2022). Plaintiffs have now specified categories. ECF No. 33 at 7. That may bear on scope, but it does not replace *Central States*' threshold showing.

**C. Paragraph 46(o) does not satisfy the defendant-specific, claim-related inquiry.**

Plaintiffs rely on Complaint paragraph 46(o), which alleges that Bay Area Mureka research and engineering personnel work on Mureka models and infrastructure from within the United States. ECF No. 33 at 4–5. Even accepting that allegation for purposes of sequencing does not resolve relatedness. Under *Walden v. Fiore*, "the defendant's suit-related conduct must create a substantial connection with the forum State." 571 U.S. 277, 284 (2014). And *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.* requires the suit to "arise out of or relate to the defendant's contacts with the forum." 592 U.S. 351, 359 (2021). The inquiry remains defendant-specific and claim-related.

Skywork's Liu Declaration states that no Mureka model training, fine-tuning, or training-data storage occurred in Illinois or elsewhere in the United States. ECF No. 24-2, ¶¶ 4–5. Those statements bear on the connection between the alleged U.S. workforce and Plaintiffs' training-centered copyright and DMCA claims. Kunlun's Lam Declaration states that Kunlun has no U.S. presence and no U.S. employees, officers, directors, offices, facilities, bank accounts, or assets. ECF No. 26-2, ¶ 4. That evidence bears directly on whether paragraph 46(o)'s collective allegation concerning "Defendants" can be attributed to Kunlun. Under Rule 4(k)(2) and Illinois specific jurisdiction alike, the Court must first determine whether the existing record presents a

colorable, defendant-specific, claim-related jurisdictional basis that requires factual development.

Plaintiffs' proposed discovery may prove appropriate, in whole or in part, only if the Court makes that threshold determination. It seeks foreign corporate records, technical infrastructure, model-serving information, provenance records, Illinois billing and delivery records, documents sufficient for those subjects, and one Rule 30(b)(6) deposition per Defendant. ECF No. 33 at 13. The proposal's specificity may assist the Court in tailoring any discovery it authorizes. It does not justify imposing the full proposed phase before entitlement has been established.

## IV. Plaintiffs' Detailed Discovery Proposal Makes the Anticipated Burden Concrete.

### A. Plaintiffs' detailed proposal permits the Court to assess burden.

Plaintiffs argue that Defendants have not substantiated burden because no requests have been served and Defendants supplied no cost estimates, custodian counts, data-volume estimates, or burden declaration. ECF No. 33 at 7–8. Quantified evidence could provide additional detail, but Plaintiffs' own proposal already identifies the breadth of anticipated discovery. Their proposed jurisdictional phase covers the Kunlun and Skywork model, data, code, and control relationships; each entity's role in Mureka; U.S. personnel and infrastructure; model-serving locations; training-data provenance; Illinois account, billing, subscription, and delivery records; documents sufficient to show those subjects; two Rule 30(b)(6) depositions; and supplemental briefing. ECF No. 33 at 13. Their ESI proposal adds model versions and checkpoints, training and fine-tuning datasets, ingestion and generation logs, takedown records, systems and data sources, retention periods, and preservation confirmations. ECF No. 33 at 6–8, 13–14.

Plaintiffs call Defendants' burden showing "pure speculation" because no requests or cost estimates exist yet. ECF No. 33 at 7–8. *Rodriguez* rejected the same premise. There, the plaintiff argued that Ford's burden claim was "conjecture," but after recounting the discovery the plaintiff said it intended to seek, the court concluded: "Undoubtedly, this undertaking would be expensive and time-consuming." *Rodriguez*, 2022 WL 704780, at *2. It added that success "in whole or in part" "could greatly affect the cost and scope of discovery taken." *Id.* Plaintiffs have now supplied a detailed map of the corporate, technical, ESI, and deposition discovery they propose. The Court can assess that burden before the requests are served as the Court in *Rodriguez* did.

**B. *Harper* and *Omnireps* are consistent with *Rodriguez* on anticipated burden.**

*Harper* helps Plaintiffs only if burden remains generalized. It noted no cost estimate, affidavit, or other support and held that "broadly decrying the time and expense that is expected to be associated with responding to discovery, without any substantiation, does not establish good cause for staying discovery." *Harper*, 2020 WL 5230746, at *4. It also involved a nonjoining defendant and a seriously ill plaintiff whose delay risked loss of testimony. *Id.* at *2–3. Here, both Defendants seek the stay, raise jurisdiction, and confront the concrete corporate, technical, ESI, and Rule 30(b)(6) discovery Plaintiffs themselves propose.

*Omnireps* likewise assessed burden from the proposed requests and concluded: "Responding and producing relevant documents to these potentially sweeping requests would likely be time-consuming and costly, in light of the posture of this case." *Omnireps*, ECF No. 78, at 6. The requests there were broader than Plaintiffs' proposal here, but the governing principle is the same: a court may assess anticipated burden from the discovery the opposing party states it intends to pursue.

## V. PRESERVATION DOES NOT REQUIRE DISCOVERY TO COMMENCE.

### A. Preservation protects evidence without requiring production.

Plaintiffs principally argue that AI systems, model versions, logs, and related data may change over time. ECF No. 33 at 8–10. Even accepting that premise for purposes of this motion, it supports preservation, not immediate discovery. Preservation and production are distinct obligations. Defendants do not seek relief from preservation obligations, and they agree that any stay may expressly direct all parties to take appropriate and reasonable steps to preserve relevant information throughout the stay. *See* ECF No. 30 at 1–2.

Preservation does not require production. *Lord* took defendants "at their word" that they were "complying with their document retention and preservation obligations" while discovery was stayed. *Lord*, ECF No. 86, at 4–5. *Rodriguez* likewise explained that a defendant on notice "has an obligation to preserve evidence material to the litigation." *Rodriguez*, 2022 WL 704780, at *2 n.1. The Court can therefore protect evidence without beginning production, depositions, or merits-related ESI discovery.

### B. Plaintiffs' proposed protocol requires more than preservation.

Plaintiffs propose that the parties identify systems and data sources, disclose retention periods, provide preservation confirmations, and negotiate an ESI protocol while the dismissal motions remain pending. ECF No. 33 at 14. Those requirements entail affirmative information exchange and discovery planning; they go beyond maintaining evidence in its current state. The appropriate sequence is to preserve relevant information now, defer production, and limit any later jurisdictional discovery to the factual gap the Court identifies.

### C. Plaintiffs' remaining arguments show no stay-related prejudice requiring merits

**discovery.**

Plaintiffs' remaining prejudice arguments likewise do not establish a need for immediate merits discovery. Continued Mureka operations and alleged ongoing harm concern the merits and potential relief; they do not show why merits discovery must begin before threshold motions are resolved. The absence of a preliminary-injunction motion is corroborative, not dispositive; *Medline Indus.* treated that fact as one that "further indicates that a delay at this stage would not prejudice [the plaintiff] significantly." *Medline Indus., Inc. v. C.R. Bard, Inc.*, No. 17 C 7216, 2019 WL 10948865, at *2 (N.D. Ill. Sept. 10, 2019). The seven months required to complete foreign service predate the requested stay, and the dismissal motions proceed on a defined briefing schedule. *Rodriguez* likewise explained that the Court can discount "[t]he general prejudice of having to wait for resolution." *Rodriguez*, 2022 WL 704780, at *1.

## VI. The Court Should Stay Discovery and Allow Jurisdictional Discovery Only If Needed.

The Court need not forecast the merits. Both Defendants raise threshold personal-jurisdiction challenges, and the motions present other grounds that may eliminate claims, works, rights, parties, or discovery categories. *Rodriguez* explains that a ruling "on any part of the motion to dismiss" may make discovery unnecessary or narrow its scope. *Rodriguez*, 2022 WL 704780, at *1–2. *Lord* likewise shows that a jurisdictional-discovery request does not require immediate discovery. *Lord*, ECF No. 86, at 3 n.2, 6–7. The Court can decide entitlement first and tailor any authorized discovery to the jurisdictional gap it identifies.

All discovery, including initial disclosures, should therefore remain stayed pending disposition of ECF Nos. 24 and 26 or further order of Court. If targeted jurisdictional discovery becomes necessary, the Court can modify the stay only for that discovery and any required

supplemental briefing; merits and class discovery should remain stayed. The order should preserve all parties' preservation obligations. If claims remain after the dismissal motions are resolved, the parties should file a joint status report within fourteen days unless the Court orders otherwise.

## CONCLUSION

Defendants respectfully request an order staying all discovery, including initial disclosures, pending resolution of ECF Nos. 24 and 26 or further order. The order should preserve all parties' preservation obligations and permit only targeted jurisdictional discovery that the Court determines is necessary to resolve either Rule 12(b)(2) motion. Merits and class discovery should otherwise remain stayed. If claims remain after the motions are resolved, the parties should file a joint status report within fourteen days.

DATED: August 21, 2026

Respectfully submitted,

**KING & WOOD LLP**

By: /s/ J. Benjamin Bai
J. Benjamin Bai
Texas Bar No. 24001675
benjamin.bai@cn.kingandwood.com
600 5th Ave, 27th Floor
New York, NY 10020
Tel.: (212) 319-4755
Fax: (917) 591-8167

**KING & WOOD**
Haolu Feng
D.C. Bar No. 90001026
harry.feng@cn.kingandwood.com
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031, China
Tel.: +86 21 2352 6585

Fax: +86 21 2412 6150

*Attorneys for Defendants Kunlun Tech Co., Ltd. and Skywork AI Pte. Ltd.*