**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ATTACK THE SOUND LLC, an Illinois limited liability company, DAVID WOULARD, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KUNLUN TECH CO., LTD., SKYWORK AI PTE. LTD., and UNKNOWN DEFENDANTS,<br><br>Defendants. | Civil Action No. 1:25-cv-15354<br><br>**DEFENDANTS' JOINT REPLY IN SUPPORT OF THEIR MOTIONS TO DISMISS THE COMPLAINT**<br><br>Judge: Hon. Joan B. Gottschall<br>Magistrate Judge: Hon. Keri L. Holleb Hotaling |

# TABLE OF CONTENTS

INTRODUCTION ........................................ 1

ARGUMENT ........................................ 2

I. THE COURT SHOULD ENTER PLAINTIFFS' CONCEDED DISMISSALS BECAUSE NEITHER A FUTURE AMENDMENT NOR ARGUMENTS ABOUT SURVIVING CLAIMS ALTER THE PRESENT PLEADING. ........................................ 2

A. The unregistered-work claims, including the Previously-Unregistered Copyright Claim (Count III), should be dismissed because no qualifying named work is pleaded. ........................................ 2

B. The Lyric-Infringement Claim (Count IV) and Composition-Infringement Claim (Count V) should be narrowed because Plaintiffs concede Skywork's requested relief. ........................................ 3

C. The Unjust-Enrichment Claim (Count XIV) should be dismissed as a separate claim because Plaintiffs preserve only derivative restitution. ........................................ 3

II. PLAINTIFFS CANNOT ESTABLISH PERSONAL JURISDICTION BECAUSE SKYWORK'S ALLEGED FORUM COMMERCE LACKS CLAIM RELATEDNESS, KUNLUN'S ALLEGED CONDUCT LACKS A KUNLUN FORUM CONTACT, AND THE REQUESTED DISCOVERY DOES NOT CURE EITHER DEFECT. ........................................ 4

A. Plaintiffs establish Skywork's Illinois commerce at best, not the claim-related contacts specific jurisdiction requires. ........................................ 5

B. Kunlun should be dismissed because Plaintiffs at best identify Kunlun conduct and forum commerce, but not a Kunlun forum contact. ........................................ 6

C. Plaintiffs have not shown entitlement to jurisdictional discovery because they seek more evidence of contacts that do not cure the defects, or discovery to find contacts which they have no basis to allege. ........................................ 7

III. THE DMCA CLAIMS (COUNTS VI–VIII) FAIL BECAUSE PLAINTIFFS PLEAD MECHANISMS, NOT A PLAINTIFF-SPECIFIC REMOVAL, CIRCUMVENTION, OR FALSE-CMI EVENT. ........................................ 9

IV. THE SECONDARY-LIABILITY CLAIMS (COUNTS IX–X) FAIL BECAUSE PLAINTIFFS IDENTIFY NO DIRECT INFRINGEMENT CONNECTED TO INDUCEMENT, CONTROL, OR FINANCIAL BENEFIT. ........................................ 10

V. THE ILLINOIS STATUTORY CLAIMS (COUNTS XI–XIII) FAIL FOR LACK OF ANY NAMED-PLAINTIFF BIOMETRIC, REPLICA, OR DECEPTION EVENT. ........................................ 11

A. The BIPA Claim (Count XI) fails because the Complaint pleads no named-Plaintiff biometric transaction by either Defendant. ........................................ 11

B. The IRPA Claim (Count XII) and UDTPA Claim (Count XIII) fail because Plaintiffs plead neither a named-Plaintiff replica nor a deceptive output. ............................ 12

CONCLUSION ............................................................................................................................ 13

# TABLE OF AUTHORITIES

## CASES

*Bank of Am., N.A. v. Knight*, 725 F.3d 815 (7th Cir. 2013) ........ 9

*Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934 (7th Cir. 2000) ........ 4, 6–8

*Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959 (2026) ........ 11

*D'Ambrosio v. Meta Platforms, Inc.*, 176 F.4th 928 (7th Cir. 2026) ........ 12

*Design Basics, LLC v. WK Olson Architects, Inc.*, No. 17 C 7432, 2019 WL 527535 (N.D. Ill. Feb. 11, 2019) ........ 10

*Doe 1 v. GitHub, Inc.*, No. 22-CV-06823-JST, 2024 WL 235217 (N.D. Cal. Jan. 22, 2024) ........ 9

*Flava Works, Inc. v. Gunter*, 689 F.3d 754 (7th Cir. 2012) ........ 10–11

*Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351 (2021) ........ 5

*Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296 (2019) ........ 2

*G.T. by & through Hanlon v. Samsung Elecs. Am., Inc.*, No. 25-1120, 2026 WL 2279903 (7th Cir. Aug. 7, 2026) ........ 11

*Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147 (1982) ........ 2

*Gruca v. Alpha Therapeutic Corp.*, 19 F. Supp. 2d 862 (N.D. Ill. 1998) ........ 7

*Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960 (N.D. Ill. 2020) ........ 12

*Horist v. Sudler & Co.*, 941 F.3d 274 (7th Cir. 2019) ........ 3

*Howell v. Bumble, Inc.*, No. 21 CV 6898, 2023 WL 6126492 (N.D. Ill. Sept. 19, 2023) ........ 8

*Huston v. Hearst Commc'ns, Inc.*, 53 F.4th 1097 (7th Cir. 2022) ........ 12

*In re Sheehan*, 48 F.4th 513 (7th Cir. 2022) ........ 8

*ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548 (7th Cir. 2001) ........ 4

*Izmo, Inc. v. Roadster, Inc.*, No. 18-cv-06092-NC, 2019 U.S. Dist. LEXIS 93568 (N.D. Cal. June 4, 2019) ........ 3

*Kahn v. Walmart Inc.*, 107 F.4th 585 (7th Cir. 2024) ........ 13

*Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 U.S. Dist. LEXIS 56578 (S.D.N.Y. Apr. 2, 2019) ........ 3

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005) ........10–11

*MG Design Assocs., Corp. v. CoStar Realty Info., Inc.*, 224 F. Supp. 3d 621 (N.D. Ill. 2016) ...... 2

*Monroy v. Shutterfly, Inc.*, No. 16 C 10984, 2017 WL 4099846 (N.D. Ill. Sept. 15, 2017) ......... 12

*Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 108 F.4th 458 (7th Cir. 2024)........ 9

*NBA Props., Inc. v. HANWJH*, 46 F.4th 614 (7th Cir. 2022) ........ 5

*Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657 (9th Cir. 2017)........11

*Rawls v. Paradise Artists, Inc.*, No. 3:18-0417, 2020 WL 1493610 (M.D. Tenn. Mar. 27, 2020).. 3

*Rodriguez v. ByteDance, Inc.*, No. 23 CV 4953, 2025 WL 672951 (N.D. Ill. Mar. 3, 2025) ....... 12

*Schoeps v. Sompo Holdings, Inc.*, 160 F.4th 815 (7th Cir. 2025)........ 4–5

*Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730 (7th Cir. 2019)........ 3

*Walden v. Fiore*, 571 U.S. 277 (2014)........ 6

**STATUTES**

17 U.S.C. § 411(a) ........ 2

17 U.S.C. § 1202........ 4, 9

740 Ill. Comp. Stat. 14/15(a)–(d)........11–12

765 Ill. Comp. Stat. 1075/30(a), (b)........ 12

815 Ill. Comp. Stat. 510/3 ........ 13

**RULES**

Fed. R. Civ. P. 4(k)(2) .................................................. 4, 6–7

Fed. R. Civ. P. 12(e) .................................................. 13

Fed. R. Civ. P. 23 .................................................. 2

## INTRODUCTION

Plaintiffs' Opposition narrows this case and confirms the defects in what remains. Plaintiffs concede dismissal without prejudice of copyright claims on U.S. works unregistered at filing and lyric and composition claims resting only on sound-recording registrations, and they do not defend the Unjust-Enrichment Claim (Count XIV) as an independent claim. ECF No. 32 at 11–13, 28–30.

More fatally, Plaintiffs concede the Complaint identifies no Mureka output substantially similar to a named Plaintiff's work. ECF No. 32 at 21–22. That is not an information-asymmetry problem: Mureka is public, and Plaintiffs themselves found and inspected a CashMoneyAP output, yet plead none for a named Plaintiff. *Id.* at 18–19. Their own positions make the consequence immediate. The False-CMI Claim (Count VIII) requires a labeled output containing Plaintiff-owned expression; the Contributory-Infringement Claim (Count IX) and Vicarious-Infringement Claim (Count X) identify no user-output direct infringement; and the UDTPA Claim (Count XIII) identifies no output containing Plaintiff-owned expression, which could otherwise make Mureka's clearance representations false. *Id.* at 18–23, 28–30. If Mureka generated infringing named-Plaintiff outputs, Plaintiffs could have pleaded one; they did not.

The same disconnect defeats the rest. Plaintiffs' ingestion account says CMI disappears only after source files are converted, re-encoded, segmented, and tokenized, producing transformed internal representations rather than identical copies. Compl. ¶¶ 111–18, 129–34. For jurisdiction, they pair Skywork commerce with Kunlun technical conduct but identify no claim-related forum act by either Defendant, while their discovery request seeks more of the same contacts or a new jurisdictional basis. Across the merits, they combine different actors, works, and events instead of pleading the Plaintiff-specific, Defendant-specific nexus each claim requires. The Court should enter the conceded dismissals and dismiss the remainder.

# ARGUMENT

## I. THE COURT SHOULD ENTER PLAINTIFFS' CONCEDED DISMISSALS BECAUSE NEITHER A FUTURE AMENDMENT NOR ARGUMENTS ABOUT SURVIVING CLAIMS ALTER THE PRESENT PLEADING.

### A. The unregistered-work claims, including the Previously-Unregistered Copyright Claim (Count III), should be dismissed because no qualifying named work is pleaded.

Plaintiffs concede dismissal without prejudice of copyright claims on U.S. works unregistered when this action commenced. ECF No. 32 at 11–12. Section 411(a) requires registration before suit, so that relief is due under *Fourth Est. Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299, 301 (2019). Their foreign-work assertion does not narrow the concession because the Complaint pleads no asserted work as a non-U.S. work or as first published abroad; BBC Worldwide and film credits do not plead statutory first publication. Compl. ¶¶ 35–36; ECF No. 32 at 12.

Count III is a class label without a pleaded named work. Plaintiffs posit a work copied while unregistered but registered before filing, ECF No. 32 at 11, yet Exhibit A shows four registration numbers, 69 "AAA" entries, and no work-specific copying date placing any registered work in that interval. Compl. Ex. A at 1–11; ECF No. 24-1 at 3–4. Rule 23 cannot manufacture that missing claim because its requirements "limit the class claims to those fairly encompassed by the named plaintiff's claims." *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 156 (1982). With zero qualifying named work, the Previously-Unregistered Copyright Claim (Count III) should be dismissed.

Plaintiffs' plan to "seek leave to replead" later changes nothing. ECF No. 32 at 12 n.5; *see* Compl. ¶¶ 197, 208, 220, 269, 280. *Fourth Estate* treats § 411(a) as a pre-suit condition. *Fourth Est.*, 586 U.S. at 301. *MG Design* holds that satisfying it while suit is pending "does not avoid the need to start anew." *MG Design Assocs., Corp. v. CoStar Realty Info., Inc.*, 224 F. Supp. 3d 621, 633 (N.D. Ill. 2016). *Rawls* likewise holds that "an amended complaint cannot fix" the defect.

*Rawls v. Paradise Artists, Inc.*, No. 3:18-0417, 2020 WL 1493610, at *5 (M.D. Tenn. Mar. 27, 2020). *Izmo* and *Malibu Media* apply *Fourth Estate* to bar amendment adding works registered after commencement. *Izmo, Inc. v. Roadster, Inc.*, No. 18-cv-06092-NC, 2019 U.S. Dist. LEXIS 93568, at *5 (N.D. Cal. June 4, 2019); *Malibu Media, LLC v. Doe*, No. 18-CV-10956 (JMF), 2019 U.S. Dist. LEXIS 56578, at *5 (S.D.N.Y. Apr. 2, 2019). No leave request is before the Court; dismissal is due.

**B. The Lyric-Infringement Claim (Count IV) and Composition-Infringement Claim (Count V) should be narrowed because Plaintiffs concede Skywork's requested relief.**

Skywork seeks dismissal only where lyric or composition claims rest on sound-recording-only registrations. ECF No. 24-1 at 7–8. Plaintiffs concede dismissal without prejudice of claims resting solely on SR 845-765 or SRu 1-313-672, whose authorship fields state "sound recording." ECF No. 32 at 2 n.1, 12–13. The Court should enter that relief.

The rest is beside the point. Plaintiffs invoke SRu 1-533-131 and PAu002889490 to argue the Lyric-Infringement Claim (Count IV) and Composition-Infringement Claim (Count V) cannot be dismissed "in their entirety," ECF No. 32 at 12, but Skywork never sought that relief and does not challenge claims resting on those registrations on this ground. The Court need not decide their ultimate scope or examine deposits; any later request to plead newly registered rights can be addressed if made.

**C. The Unjust-Enrichment Claim (Count XIV) should be dismissed as a separate claim because Plaintiffs preserve only derivative restitution.**

Plaintiffs "do not defend unjust enrichment as a freestanding Illinois tort" and preserve only restitution tied to surviving predicates. ECF No. 32 at 28, 30. Illinois likewise treats unjust enrichment, when another wrong supplies the asserted injustice, as derivative relief rather than "a separate cause of action." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 740 (7th Cir. 2019); *Horist v. Sudler & Co.*, 941 F.3d 274, 281 (7th Cir. 2019).

That ends the Unjust-Enrichment Claim (Count XIV) as a separate claim. Plaintiffs abandon restitution based on "avoided licensing costs or model value from copying alone" and preserve only restitution tied to § 1202, BIPA, and IRPA. ECF No. 32 at 28, 30. If a predicate fails, so does derivative restitution; if one survives, restitution can be addressed as a remedy on that claim. The Court should dismiss the Unjust-Enrichment Claim (Count XIV) without limiting any remedy the law permits on a surviving statutory claim.

## II. PLAINTIFFS CANNOT ESTABLISH PERSONAL JURISDICTION BECAUSE SKYWORK'S ALLEGED FORUM COMMERCE LACKS CLAIM RELATEDNESS, KUNLUN'S ALLEGED CONDUCT LACKS A KUNLUN FORUM CONTACT, AND THE REQUESTED DISCOVERY DOES NOT CURE EITHER DEFECT.

Plaintiffs collapse distinct jurisdictional questions into Mureka's overall presence in Illinois and the United States. Kept separate, each fails. Even assuming Skywork does business in the forum, Plaintiffs do not connect that commerce to the conduct each claim challenges. Plaintiffs attribute technical involvement to Kunlun, but the forum commerce they invoke belongs to Skywork. And their requested discovery either seeks more evidence of those same contacts or asks to search for a different jurisdictional basis without identifying facts suggesting one exists.

Due process does not permit those gaps to be filled by combining different conduct, defendants, or contacts. Specific jurisdiction is defendant-specific and claim-specific: the forum activity must be attributable to the defendant, *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000), and sufficiently related to the particular claims, *Schoeps v. Sompo Holdings, Inc.*, 160 F.4th 815, 829 (7th Cir. 2025), *cert. denied*, No. 25-1226, 2026 WL 1640875 (U.S. June 8, 2026). Rule 4(k)(2) changes only the geographic unit from Illinois to the United States; it does not change whose contacts count or whether they relate to the federal claims. *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551–52 (7th Cir. 2001). On the record, neither Defendant is subject to personal jurisdiction, and Plaintiffs' discovery

request supplies no reason to postpone dismissal.

### A. Plaintiffs establish Skywork's Illinois commerce at best, not the claim-related contacts specific jurisdiction requires.

Assume Skywork sells Mureka subscriptions in Illinois. That establishes commerce at best, not jurisdiction over every claim involving Mureka. *Ford* rejected strict causation, but relatedness retains "real limits." *Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 592 U.S. 351, 362 (2021). The Seventh Circuit recently made the distinction dispositive. In *Schoeps*, Illinois business operations and websites did not support jurisdiction over claims arising from different conduct; otherwise, "specific personal jurisdiction would exist over a corporation anywhere it did any business." *Schoeps*, 160 F.4th at 829. Indeed, *Schoeps* cited *NBA Properties*. *NBA Props., Inc. v. HANWJH*, 46 F.4th 614, 624 (7th Cir. 2022). It nevertheless held that even Illinois web sales were irrelevant to claims arising from other conduct. *Schoeps*, 160 F.4th at 829 n.15. Plaintiffs' e-commerce authorities therefore discuss purposeful availment, not the missing relatedness.

That distinction resolves the training-side theories. Plaintiffs expressly do not contest Liu's declaration that initial training, fine-tuning, and training-data storage occurred outside Illinois and the United States. ECF No. 32 at 5 n.3. Liu further establishes that Skywork did not copy, ingest, train on, fine-tune on, or store any Plaintiff work in a training corpus through Illinois or United States infrastructure, and that United States user data is inference-side rather than training data. ECF No. 24-2 ¶¶ 4–9. Illinois subscriptions, a United States endpoint, and inference-side data thus do not relate to the acquisition, copying, training, corpus, CMI, or circumvention conduct those theories challenge.

Plaintiffs' output and secondary-liability theories have the same jurisdictional defect in a different form. Plaintiffs identify Illinois subscriptions, not an Illinois output carrying actionable false CMI tied to a Plaintiff work, an Illinois user induced to infringe a Plaintiff work, or an Illinois

direct infringement to which Defendants' alleged control or financial benefit relates. General sales of Mureka establish, at best, that Skywork does business here; *Schoeps* forecloses converting that fact into jurisdiction over every claim concerning the product.

The Illinois statutory claims are more plaintiff-specific still. The uncontroverted record identifies no named Plaintiff whose biometric information Skywork collected or disseminated in Illinois, whose identity Skywork used in Illinois commerce, or who interacted or transacted with Mureka in Illinois. ECF No. 24-2 ¶¶ 10–15. Plaintiffs answer with Illinois users and commerce generally. That substitutes a relationship to Skywork's market for the required relationship among Skywork, Illinois, and the claims. *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Rule 4(k)(2) enlarges the geographic unit for the federal claims, but it does not convert unrelated United States commerce into claim-related conduct.

### B. Kunlun should be dismissed because Plaintiffs at best identify Kunlun conduct and forum commerce, but not a Kunlun forum contact.

Plaintiffs' product allegations for present purposes are specious: Kunlun employees worked on MusiCoT, Kunlun may have helped develop or direct Mureka technology, and Kunlun promoted the model family. ECF No. 32 at 5–7. None supplies the missing forum contact. Plaintiffs themselves attribute the commerce to a different corporation: "Skywork then sells that model family in Illinois," ECF No. 32 at 6, and the product is commercialized nationwide "by" Skywork, ECF No. 32 at 8. Personal jurisdiction cannot be assembled from one defendant's alleged conduct and another's forum contacts. *Cent. States*, 230 F.3d at 943 ("the acts of one cannot be attributed to the other"; "jurisdiction and liability are two separate inquiries"). Therefore, Kunlun's alleged conduct cannot supply Skywork's contacts, and Skywork's alleged liability relationship cannot supply Kunlun's jurisdiction.

Plaintiffs therefore need one of two things: a forum contact of Kunlun's own, or a legal basis

to attribute Skywork's forum contacts to Kunlun. They show neither. As to Kunlun itself, Plaintiffs identify no alleged research, development, technical direction, or promotional act that occurred in or was directed to Illinois or the United States. Lam confirms that Kunlun has no United States presence or consumer-facing commercial role, does not distribute Mureka through United States app stores or operate mureka.ai, and receives no United States Mureka payments. ECF No. 26-2 ¶¶ 4–8. As to attribution, Skywork's commerce remains Skywork's unless Plaintiffs establish the unusually high control or agency required to disregard corporate separateness. *Central States* holds that "personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone" absent "an unusually high degree of control over the subsidiary." *Cent. States*, 230 F.3d at 943. *Gruca* likewise held that ill-defined "research and development cooperation" was "inadequate to justify piercing the corporate veil." *Gruca v. Alpha Therapeutic Corp.*, 19 F. Supp. 2d 862, 869–70 (N.D. Ill. 1998). The record instead shows no agency agreement or authority for Skywork to bind Kunlun and separate corporate accounts. ECF No. 26-2 ¶¶ 9, 13. Plaintiffs' own Complaint identifies Mureka as "developed and operated by SKYWORK AI PTE. LTD." Compl. ¶ 52. Alleged technical participation by Kunlun does not make Skywork's Illinois business Kunlun's contact.

Rule 4(k)(2) changes the geography, not the actor. Kunlun's failure to name another state may satisfy that threshold requirement, but it does not convert Skywork's nationwide commerce into Kunlun's contacts. Plaintiffs still identify Kunlun conduct without a United States contact and United States commercialization by Skywork. The defendant-specific contact remains missing.

### C. Plaintiffs have not shown entitlement to jurisdictional discovery because they seek more evidence of contacts that do not cure the defects, or discovery to find contacts which they have no basis to allege.

*Central States* answers the request. Jurisdictional discovery requires at least a colorable showing, and the Seventh Circuit affirmed its denial where requested information, although it

"might aid in establishing" United States minimum contacts, "would not establish any contacts arising out of or relating to" the claims. *Cent. States*, 230 F.3d at 946–47. *Sheehan* likewise affirmed denial where the requested facts did not concern suit-related conduct or rested on speculation. *In re Sheehan*, 48 F.4th 513, 526–27 (7th Cir. 2022) ("so bare and unsupported that to grant discovery would be to allow a fishing expedition").

Plaintiffs' requests fall on both sides of that line. Records concerning Illinois accounts, billing, subscriptions, delivery, U.S. personnel, infrastructure, and model serving would principally add detail to commerce Defendants already assume. ECF No. 32 at 8. More evidence that Skywork serves Illinois or United States customers does not supply the claim-specific relationship missing under Section II.A. Nor would more evidence of Kunlun's technical participation supply Kunlun's own forum contact under Section II.B. *Central States* rejected discovery for precisely that reason: additional minimum contacts do not matter when they do not establish the required relationship to the claims.

The remainder of Plaintiffs' jurisdictional discovery requests seeks to find the missing jurisdictional facts themselves. Plaintiffs seek "control relationships" without identifying evidence of the unusually high control or agency necessary to attribute Skywork's contacts to Kunlun. And even after narrowing training-data provenance to the actor, location, and any U.S. means of acquisition or processing, ECF No. 33 at 13 n.4, Plaintiffs identify no existing evidence of such a claim-related United States act. Their request does not resolve an ambiguity about an identified forum contact; it asks whether another contact exists.

*Howell* adjudicated a different set of facts. There, external evidence tied the disputed corporate defendants to operation of the very app conduct at issue, creating an ambiguity discovery could resolve. *Howell v. Bumble, Inc.*, No. 21 CV 6898, 2023 WL 6126492, at *17 (N.D. Ill. Sept.

19, 2023). Plaintiffs identify no comparable ambiguity here. Their assertion that the relevant information lies with Defendants cannot substitute for the predicate *Central States* and *Sheehan* require, particularly where both Defendants are foreign. If any discovery is permitted, it should address an identified disputed jurisdictional fact that, if proved, could alter the ruling, not seek additional evidence of contacts already assumed or search for a different jurisdictional basis.

## III. THE DMCA CLAIMS (COUNTS VI–VIII) FAIL BECAUSE PLAINTIFFS PLEAD MECHANISMS, NOT A PLAINTIFF-SPECIFIC REMOVAL, CIRCUMVENTION, OR FALSE-CMI EVENT.

Plaintiffs cannot cure missing claim-specific facts by invoking Mureka generally: "[l]iability is personal," so collective allegations must identify what Skywork did to a named Plaintiff's work. *Bank of Am., N.A. v. Knight*, 725 F.3d 815, 818 (7th Cir. 2013). The DMCA claims also identify no domestic statutory act tied to such a work; paragraph 46's U.S. personnel and infrastructure allegations do not supply one. Compl. ¶ 46(o), (s)–(t); ECF No. 32 at 8–10, 13–14; *Motorola Sols., Inc. v. Hytera Commc'ns Corp. Ltd.*, 108 F.4th 458, 473–74 (7th Cir. 2024).

The False-CMI Claim (Count VIII) fails on Plaintiffs' own limiting rule: a Mureka designation becomes false only when attached to an output containing protected expression owned by Plaintiffs or class members. ECF No. 32 at 18–19. Yet the only observed example is CashMoneyAP, not a named Plaintiff, and the Complaint pleads no labeled output containing a named Plaintiff's protected expression. *Id.* at 19. That missing output is the statutory event Plaintiffs say makes the designation false. Their scienter allegations merely assume it.

The CMI-Removal Claim (Count VI) fails even on Plaintiffs' ingestion account. They allege CMI is lost only as source files are converted, standardized, re-encoded, segmented, transcribed, and tokenized. Compl. ¶¶ 111–18, 129–34; ECF No. 32 at 15–16. That sequence creates transformed representations without carrying CMI forward; it does not plead removal from an identical copy of a named Plaintiff's work. *Doe 1* holds that § 1202(b)(1) and (b)(3) require

identical copies. *Doe 1 v. GitHub, Inc.*, No. 22-CV-06823-JST, 2024 WL 235217, at *8–9 (N.D. Cal. Jan. 22, 2024) ("Section 1202(b) claims require that copies be 'identical'"). *Design Basics* likewise rejects treating a new work based on the original as CMI removal. *Design Basics, LLC v. WK Olson Architects, Inc.*, No. 17 C 7432, 2019 WL 527535, at *4–5 (N.D. Ill. Feb. 11, 2019) ("[B]asing a drawing on another's work is not the same as removing copyright management information"). Plaintiffs plead transformed, tokenized representations lacking CMI, not CMI removed from an identical copy.

The Circumvention Claim (Count VII) has the same missing event. Even assuming YouTube's rolling cipher controls access and stream-ripping can circumvent it, Plaintiffs identify no instance in which Skywork used that mechanism on a named Plaintiff's work, much less a domestic instance, and no Skywork-specific trafficking act. Compl. ¶¶ 94–102, 237–41; ECF No. 32 at 17–18. They plead how circumvention could occur, not who circumvented what.

Scienter independently defeats the CMI-Removal Claim (Count VI). Plaintiffs infer both intentional removal and knowledge that removal would facilitate or conceal infringement from the pipeline's design and commercialization. ECF No. 32 at 16–17. Those generic facts do not plead that Skywork knew CMI removed from a named Plaintiff's work would induce, enable, facilitate, or conceal infringement. A processing mechanism is not Plaintiff-specific double scienter.

## IV. The Secondary-Liability Claims (Counts IX–X) fail because Plaintiffs identify no direct infringement connected to inducement, control, or financial benefit.

The Opposition's supplier substitute exposes the fatal mismatch. Both claims require direct infringement by another actor, but Plaintiffs concede they "do[] not yet identify an output substantially similar to a named Plaintiff's work" and instead invoke supplier copying. ECF No. 32 at 20–23; *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005); *Flava Works, Inc. v. Gunter*, 689 F.3d 754, 757–58 (7th Cir. 2012). If the predicate is a user output, none

is identified. If it is antecedent supplier copying, the pleaded inducement, control, and financial draw only concern Mureka customers and outputs, and none of such elements are directed at suppliers' copying. Plaintiffs cannot splice a predicate from one actor and event to secondary-liability elements pleaded as to another.

The Contributory-Infringement Claim (Count IX) fails under *Cox*: marketing substitute music as a way to avoid licensing does not itself encourage infringement, and Plaintiffs plead neither an infringing client-supplied track nor a fine-tuning service lacking commercially significant lawful uses. ECF No. 32 at 20; *Cox Commc'ns, Inc. v. Sony Music Ent.*, 146 S. Ct. 959, 967 (2026). *Grokster* distinguished advertisements for uses not necessarily infringing, and *Flava Works* rejects liability where the facilitated conduct does not infringe. *Grokster*, 545 U.S. at 931–32; *Flava Works*, 689 F.3d at 758.

The Vicarious-Infringement Claim (Count X) fails for the same reason. General control over Mureka and suppliers identifies no direct infringement Defendants could stop, and "sound-alike" capability cannot be a financial draw from infringement before any named-Plaintiff output infringement is pleaded. ECF No. 32 at 21–23. Supplier copying supplies no pleaded causal draw; user outputs supply no identified Plaintiff-work infringement. *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 673–74 (9th Cir. 2017).

## V. THE ILLINOIS STATUTORY CLAIMS (COUNTS XI–XIII) FAIL FOR LACK OF ANY NAMED-PLAINTIFF BIOMETRIC, REPLICA, OR DECEPTION EVENT.

### A. The BIPA Claim (Count XI) fails because the Complaint pleads no named-Plaintiff biometric transaction by either Defendant.

Even assuming speaker-embedding vectors are biometric data, the BIPA Claim (Count XI) does not plead the regulated act. *G.T.* holds that §§ 15(a) and (b) require control over the biometric data itself, not merely the software. *G.T. by & through Hanlon v. Samsung Elecs. Am., Inc.*, No. 25-1120, 2026 WL 2279903, at *5 (7th Cir. Aug. 7, 2026) ("control of the facial scan software" is

"not the same as control of the facial scan data"). The Complaint attributes computation and storage only to "Defendants," Compl. ¶¶ 286, 290, and its Illinois facts identify where Plaintiffs recorded voices, not where Defendants computed or retained embeddings. ECF No. 32 at 26. *Monroy* involved an Illinois upload from an Illinois device and IP address; no named BIPA Plaintiff is alleged to have made one here. *Monroy v. Shutterfly, Inc.*, No. 16 C 10984, 2017 WL 4099846, at *5–6 (N.D. Ill. Sept. 15, 2017).

Sections 15(c) and (d) fail even more directly. Paragraph 294 separately alleges AI-service revenue and contractor or partner access; the Opposition combines them into new "commercial sharing." ECF No. 32 at 25; Compl. ¶ 294. *Rodriguez* requires biometric data transferred or shared "in return for some benefit," yet the Complaint pleads no consideration for access to any Plaintiff's data and no recipient or disclosure event. *Rodriguez v. ByteDance, Inc.*, No. 23 CV 4953, 2025 WL 672951, at *18–19 (N.D. Ill. Mar. 3, 2025). Plaintiffs' claim that recipient identities lie in Defendants' records cannot replace facts giving "any basis to even suspect" dissemination. ECF No. 32 at 26; *Heard v. Becton, Dickinson & Co.*, 440 F. Supp. 3d 960, 969 (N.D. Ill. 2020).

### B. The IRPA Claim (Count XII) and UDTPA Claim (Count XIII) fail because Plaintiffs plead neither a named-Plaintiff replica nor a deceptive output.

The IRPA Claim (Count XII) fails under both subsections. Section 30(a) requires commercial use of a Plaintiff's identity; marketing Mureka's general vocal capability does not use Woulard's or the Burjeks' identities. Compl. ¶¶ 300(b), 303; *Huston v. Hearst Commc'ns, Inc.*, 53 F.4th 1097, 1102 (7th Cir. 2022). Section 30(b) requires a work containing an unauthorized digital replica and actual knowledge that it does; Plaintiffs identify no such named-Plaintiff output, and "knew or should have known" does not plead actual knowledge. Compl. ¶¶ 300(b), 301; 765 Ill. Comp. Stat. 1075/30(b). *D'Ambrosio* does not help: it called § 30(b) "irrelevant" because no digital replica was alleged and never decided what facts establish actual knowledge. *D'Ambrosio v. Meta Platforms,*

*Inc.*, 176 F.4th 928, 934–36 (7th Cir. 2026).

The UDTPA Claim (Count XIII) fails on the same missing output. Plaintiffs abandon creative-authorship and reverse-passing-off and admit "unauthorized reproduction alone proves none" of their remaining sponsorship, affiliation, or clearance elements. ECF No. 32 at 28–30. Yet Plaintiffs identify no Mureka output that could plausibly be mistaken as authorized, sponsored, approved, or affiliated with any named Plaintiff. Compl. ¶¶ 314–16. Their clearance theory fares no better: calling Mureka outputs "royalty-free," "copyright-friendly," or commercially usable is not pleaded false as to any named Plaintiff because upstream copying does not establish that a downstream output is encumbered by that Plaintiff's rights. Their concession that no output substantially similar to a named Plaintiff's work is identified closes that gap. ECF No. 32 at 21–22, 28.

Prospective relief fails with the same missing nexus. The UDTPA permits an injunction only for a person likely to be damaged by the deceptive practice. 815 Ill. Comp. Stat. 510/3; *Kahn v. Walmart Inc.*, 107 F.4th 585, 606 (7th Cir. 2024). Plaintiffs allege market harms, Compl. ¶ 316, but no false-clearance or source-confusion practice tied to a named Plaintiff. General competition from Mureka does not supply one.

## **CONCLUSION**

Defendants respectfully request that the Court enter the conceded dismissals in Section I; dismiss Kunlun and the claims against Skywork for lack of claim-related forum contacts; and independently dismiss the Federal Copyright and DMCA Claims (Counts I–X) for lack of a pleaded domestic statutory act and the DMCA, Secondary-Liability, and Illinois Statutory Claims (Counts VI–XIII) on the grounds in Sections III–V. If an otherwise viable claim is merely unclear as to which Defendant committed the challenged act, the Court should at minimum require a more

definite statement under Rule 12(e).

DATED: August 26, 2026

Respectfully submitted,

**KING & WOOD LLP**
By: */s/* J. Benjamin Bai
J. Benjamin Bai
Texas Bar No. 24001675
benjamin.bai@cn.kingandwood.com
600 5th Ave, 27th Floor
New York, NY 10020
Tel.: (212) 319-4755
Fax: (917) 591-8167

**KING & WOOD**
Haolu Feng
D.C. Bar No. 90001026
harry.feng@cn.kingandwood.com
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031, China
Tel.: +86 21 2352 6585
Fax: +86 21 2412 6150

*Attorneys for Defendants*
*KUNLUN TECH CO., LTD. and*
*SKYWORK AI PTE. LTD.*