**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ATTACK THE SOUND LLC, an Illinois limited liability company, DAVID WOULARD, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated, | ) | Case No. 25-cv-15354 |
| Plaintiffs, | ) | District Judge Joan B. Gottschall |
| v. | ) | Magistrate Judge Keri L. Holleb Hotaling |
| KUNLUN TECH CO., LTD., SKYWORK AI PTE. LTD., and UNKNOWN DEFENDANTS, | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiffs respectfully move for leave to file the short sur-reply attached as Exhibit A, and in support state:

1. Defendants filed a joint reply in support of their motions to dismiss on August 26, 2026. (Dkt. 36 ("Reply").)

2. The Reply relies principally on decisions not cited in either opening memorandum: *Schoeps v. Sompo Holdings, Inc.*, 160 F.4th 815 (7th Cir. 2025), which the Reply presents as the governing limit on claim-relatedness; *In re Sheehan*, 48 F.4th 513 (7th Cir. 2022), on jurisdictional discovery; and *G.T. by & through Hanlon v. Samsung Electronics America, Inc.*, No. 25-1120, 2026 WL 2279903 (7th Cir. Aug. 7, 2026), decided five days before Plaintiffs' opposition was filed and raised for the first time in the Reply.

3. The Reply also advances a new ground for dismissing Count III that appears in neither opening memorandum (Dkt. 36 at 2, invoking *General Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147 (1982)), and characterizes two of the Opposition's limited concessions in terms broader than the concessions themselves. (Dkt. 36 at 1, 5, 13.)

4. The Reply raises two further grounds for dismissal that appear in neither opening memorandum and that the proposed sur-reply does *not* address: (a) that the Fiennes-catalog works cannot invoke § 411(a)'s "United States work" limitation because foreign first publication is unpleaded (Dkt. 36 at 2); and (b) that Counts IX and X fail because the pleaded inducement, control, and financial benefit concern different actors than the pleaded direct infringement (Dkt. 36 at 10–11). Grounds for dismissal presented for the first time in a reply are waived. *See Dexia Crédit Local v. Rogan*, 629 F.3d 612, 625 (7th Cir. 2010); *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009). Plaintiffs identify these arguments so the record is clear and rest on the waiver and the Opposition, which already addresses their substance. (Dkt. 32 at 12, 21–23.)

5. When a reply raises new arguments or new authority, due process requires that the non-movant have an opportunity to respond; a court must either disregard the new matter or permit a sur-reply. *Meinders v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858–59 (7th Cir. 2015); *see also Univ. Healthsystem Consortium v. UnitedHealth Grp., Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014). The proposed sur-reply is confined to the matters identified in paragraphs 2 and 3. Plaintiffs stand on their Opposition (Dkt. 32) for all other issues and seek no other relief.

6. No party is prejudiced. The motions are fully briefed but undecided, and Defendants' pending motion to stay discovery (Dkt. 30) is unaffected.

WHEREFORE, Plaintiffs respectfully request that the Court grant leave to file the sur-reply attached as Exhibit A instanter.

Dated: September 3, 2026

Respectfully submitted,

LOEVY & LOEVY

/s/ Ross Kimbarovsky

______________________________

Ross Kimbarovsky (6229590)
ross@loevy.com
Jon Loevy (6218524)
jon@loevy.com
Michael Kanovitz (6275233)
mike@loevy.com
Matthew Topic (6290923)
matt@loevy.com
Aaron Tucek (98624)
aaron@loevy.com
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312.243.5900 (phone)
312.243.5902 (fax)

*Attorneys for Plaintiffs Attack the Sound LLC, David Woulard, Stan Burjek, James Burjek, Berk Ergoz, Hamza Jilani, Maatkara Wilson, Arjun Singh, Magnus Fiennes, and Michael Mell*