**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ATTACK THE SOUND LLC, an Illinois limited liability company, DAVID WOULARD, STAN BURJEK, JAMES BURJEK, BERK ERGOZ, HAMZA JILANI, MAATKARA WILSON, ARJUN SINGH, MAGNUS FIENNES, and MICHAEL MELL, each individually and on behalf of all others similarly situated,

Plaintiffs,

v.

KUNLUN TECH CO., LTD., SKYWORK AI PTE. LTD., and UNKNOWN DEFENDANTS,

Defendants.

Civil Action No. 1:25-cv-15354

**DEFENDANTS' JOINT MOTION FOR LEAVE TO FILE LIMITED SUR-SUR-REPLY IN SUPPORT OF MOTIONS TO DISMISS**

Judge: Hon. Joan B. Gottschall
Magistrate Judge: Hon. Keri L. Holleb Hotaling

Defendants Skywork AI Pte. Ltd. ("Skywork") and Kunlun Tech Co., Ltd. ("Kunlun") move for leave to file Exhibit A, a limited joint sur-sur-reply supporting ECF Nos. 24 and 26. The motion is necessitated by Plaintiffs' Sur-Reply in Further Opposition to Defendants' Motions to Dismiss the Complaint, ECF No. 40 (the "Sur-Reply"). The Sur-Reply materially reframes personal jurisdiction and jurisdictional discovery, waiver as to relatedness, Count III, and *G.T.*, pleading under *Huon* and *Jordan*, BIPA control, and Count XIII and preemption. ECF No. 38 ¶ 4 separately asks the Court to disregard the Fiennes and Counts IX and X Reply arguments as waived while ECF No. 38 ¶ 5 excludes those issues from the Sur-Reply. Exhibit A answers those subjects and the paragraph 4 issue on waiver and preservation only without new evidence, a new dismissal ground, and new relief.

Leave is discretionary. "The decision whether to grant a motion for leave to file a surreply is within the Court's discretion." *Univ. Healthsystem Consortium v. UnitedHealth Grp.,*

*Inc.*, 68 F. Supp. 3d 917, 922 (N.D. Ill. 2014). It further explains that, in some instances, a sur-reply "vouchsafes the aggrieved party's right to be heard and provides the court with the information necessary to make an informed decision." *Id.* Defendants seek that narrow corrective relief, not reciprocal briefing as an entitlement.

The Sur-Reply's jurisdictional discussion supplies a concrete need for correction. It improperly turns the Reply's assumption that Skywork sells Mureka subscriptions in Illinois into an asserted acceptance of Plaintiffs' jurisdictional premise ("The Reply now accepts the commerce"), incorrectly calls the Reply a "third relatedness theory in three briefs," relies on Kunlun-Skywork corporate-group evidence to seek jurisdictional discovery, and falsely says Liu ¶¶ 6–7 denies specified Plaintiff-work conduct "only" in Illinois. Sur-Reply at 1–4. Liu ¶ 7, however, expressly reaches mureka.ai and "any other United States infrastructure." ECF No. 24-1 at 27 (quoting Liu Decl. ¶ 7). Exhibit A will address claim-specific relatedness, Kunlun's own forum contacts, Liu's actual scope, and the threshold and proper scope of any jurisdictional discovery, all from the existing record.

The Sur-Reply also mischaracterizes responsive Reply development as new matter. Sur-Reply at 1–2, 5–7. *Central States* rejected a similar waiver objection where the reply point was "prompted by Central States' standard of review argument in its response brief" and held: "Accordingly, it was appropriate for them to first raise it at that point." *Cent. States, Se. & Sw. Areas Pension Fund v. White*, 258 F.3d 636, 640 n.2 (7th Cir. 2001). *Hernandez* likewise holds that "it does not necessarily follow that arguments that are better developed in a reply brief are waived." *Hernandez v. Cook Cnty. Sheriff's Off.*, 634 F.3d 906, 913–14 (7th Cir. 2011). The concern is prejudice from insufficient notice. *Id.* at 913. Exhibit A will therefore trace the existing briefing lineage for relatedness, Count III, and *G.T.*. It will also answer ECF No. 38 ¶

4's separate waiver request. Plaintiffs stated that the proposed sur-reply "does not address" Fiennes or Counts IX and X and "is confined to the matters identified in paragraphs 2 and 3." ECF No. 38 ¶¶ 4–5. *Meinders* requires "an opportunity to respond to an argument or evidence raised as a basis to dismiss" a claim. *Meinders v. UnitedHealthcare, Inc.*, 800 F.3d 853, 858 (7th Cir. 2015). *Viamedia* likewise used a sur-reply to "allay any concerns that [Viamedia] would suffer prejudice." *Viamedia, Inc. v. Comcast Corp.*, 218 F. Supp. 3d 674, 688 (N.D. Ill. 2016). Defendants do not argue that Plaintiffs forfeited their waiver objection by not addressing those issues; *Costello* confirms that "there is no requirement that a party file a sur-reply to address an argument believed to be improperly addressed." *Costello v. Grundon*, 651 F.3d 614, 635 (7th Cir. 2011). Exhibit A addresses waiver and preservation only and relies on the Reply for the underlying Fiennes and Counts IX and X merits.

The Sur-Reply further categorically calls the Reply's named-Plaintiff-event analysis a demand for "proof, not pleading," invokes *Huon* and *Jordan*, corrects the Reply's attribution of the CashMoneyAP observation, and relies on *G.T.* for BIPA control. Sur-Reply at 4–6. Exhibit A will accept the CashMoneyAP attribution correction, address the limited pleading point under *Huon* and *Jordan*, and explain why alleged control of infrastructure does not itself plead each Defendant's collection, possession, or control of protected biometric data. It adds no internal technical evidence and does not treat *G.T.* as mechanically resolving Count XI.

Finally, the Sur-Reply says the Reply "does not renew the preemption arguments" and mischaracterizes the Count XIII Reply argument. Sur-Reply at 1, 5. Exhibit A will explain that Skywork did not withdraw its opening § 301 defense and that the Reply independently argued for the missing Plaintiff-specific deceptive nexus that copying alone cannot supply, without reopening preemption as a separate merits section. The proposed filing is shorter than the Sur-

Reply, attaches no new declaration or evidence, raises no independent dismissal ground, seeks only the relief already requested in ECF Nos. 24 and 26, and does not reargue the underlying Fiennes or Counts IX and X merits. It should close the briefing. No party is prejudiced. The pending motions are fully briefed but undecided. Therefore, Defendants respectfully request that the Court grant leave to file Exhibit A instanter.

DATED: September 8, 2026

Respectfully submitted,

**KING & WOOD LLP**
By: *_/s/_* J. Benjamin Bai
J. Benjamin Bai
Texas Bar No. 24001675
benjamin.bai@cn.kingandwood.com
600 5th Ave, 27th Floor
New York, NY 10020
Tel.: (212) 319-4755
Fax: (917) 591-8167

**KING & WOOD**
Haolu Feng
D.C. Bar No. 90001026
harry.feng@cn.kingandwood.com
17th Floor, One ICC, Shanghai ICC
999 Middle Huai Hai Road, Xuhui District
Shanghai 200031, China
Tel.: +86 21 2352 6585
Fax: +86 21 2412 6150

*Attorneys for Defendants*
*KUNLUN TECH CO., LTD. and*
*SKYWORK AI PTE. LTD.*